IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,434

STATE OF KANSAS,
*Appellee*,

v.

DWAYNE LYNN PATTON,
*Appellant.*

SYLLABUS BY THE COURT

1.

When sentencing defendants as repeat offenders under K.S.A. 2015 Supp. 8-1567, the plain language of the statute establishes that the Legislature intended courts to count as prior convictions those out-of-state offenses with elements identical to, or narrower than, the Kansas DUI statute.

2.

The elements of the Missouri driving while intoxicated (DWI) statute, Mo. Rev. Stat. § 577.010, are broader than the elements of K.S.A. 2015 Supp. 8-1567, and a conviction under Missouri's DWI statute does not constitute a prior conviction under K.S.A. 2015 Supp. 8-1567(i)(3).

3.

The elements of the Oklahoma DUI statute, Okla. Stat. tit. 47, § 11-902, are broader than the elements of K.S.A. 2015 Supp. 8-1567, and a conviction under Oklahoma's DUI statute does not constitute a prior conviction under K.S.A. 2015 Supp. 8-1567(i)(3).

1

4.

When sentencing defendants as repeat offenders under K.S.A. 2020 Supp. 8-1567, the Legislature intended courts to count as prior convictions those out-of-state offenses comparable to Kansas' DUI statute in title, elements, and prohibited conduct, even if the elements of the out-of-state crime are broader.

5.

The Missouri DWI statute, Mo. Rev. Stat. § 577.010, is comparable to K.S.A. 2020 Supp. 8-1567, and a conviction under Missouri's DWI statute constitutes a prior conviction under K.S.A. 2020 Supp. 8-1567(i)(3)(B).

6.

The Oklahoma DUI statute, Okla. Stat. tit. 47, § 11-902, is comparable to K.S.A. 2020 Supp. 8-1567, and a conviction under Oklahoma's DUI statute constitutes a prior conviction under K.S.A. 2020 Supp. 8-1567(i)(3)(B).

7.

The application of K.S.A. 8-1567's sentencing provisions to a defendant who committed the offense before, but was sentenced after, new amendments went into effect, relying on *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014), violates the Ex Post Facto Clause of article I, section 10 of the United States Constitution if the intervening change in the law increases the defendant's punishment.

8.

A sentencing court should apply the version of K.S.A. 8-1567 in effect at the time of sentencing *unless* the Legislature amended the statutory provisions after the offense was committed *and* that amendment increases the defendant's penalty or otherwise

disadvantages the defendant as contemplated in *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed. 216 (1925).

Review of the judgment of the Court of Appeals in 58 Kan. App. 2d 669, 475 P.3d 14 (2020). Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 11, 2022. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated, and the case is remanded with directions.

*Shannon S. Crane*, of Hutchinson, argued the cause and was on the briefs for appellant.

*Thomas R. Stanton*, district attorney, argued the cause, and *Natasha Esau*, assistant district attorney, *Keith E. Schroeder*, former district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

WALL, J.: In this appeal we address the sentencing of repeat offenders under K.S.A. 8-1567, the driving under the influence (DUI) statute in Kansas. Recently in *State v. Myers*, 314 Kan. 360, 499 P.3d 1111 (2021), we held that under the 2018 amendments to that statute, the Legislature intended courts to count as prior convictions those out-of-state offenses comparable to the Kansas DUI statute, even if the elements of the out-of-state crime are broader. We must now decide whether those amendments apply to a person, like Dwayne Patton, who committed a DUI before, but was sentenced after, the amendments came into effect.

In *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014), we held that courts should apply the DUI sentencing provisions in effect at the time of sentencing, even if the law has changed since the offense occurred. But the facts here require us to clarify this general rule established in *Reese*. We hold that a sentencing court should apply the version of K.S.A. 8-1567 in effect at the time of sentencing *unless* the Legislature

3

amended the statutory provisions after the offense was committed *and* that amendment increases the defendant's penalty. In those circumstances, applying the intervening change in the law, relying on *Reese*, would violate the Ex Post Facto Clause of article I, section 10 of the United States Constitution. To avoid this constitutional quandary, sentencing courts should instead apply the version of K.S.A. 8-1567 in effect when the defendant committed the DUI offense.

Here, that means that the version of K.S.A. 8-1567 in effect when Patton committed his DUI in January 2016 applies in determining his sentence, not the 2018 amendments. Under the plain language of the statute in effect in 2016, two of Patton's out-of-state DUI convictions—one from Missouri and one from Oklahoma—would not count as prior convictions because the elements of those statutes are not identical to, or narrower than, the elements of the Kansas statute. But under the 2018 amendments, those out-of-state convictions *would* constitute prior convictions because the DUI statutes of those states are "comparable" to the Kansas DUI statute. See *Myers*, 314 Kan. at 377. Because the Kansas DUI statute provides progressively enhanced penalties for repeat offenders, applying the 2018 amendments to Patton at sentencing would increase his punishment in violation of the Ex Post Facto Clause. We therefore reverse the panel of the Court of Appeals that applied those amendments and remand the matter to the district court for resentencing under the sentencing provisions in effect when Patton committed the DUI in January 2016.

FACTUAL AND PROCEDURAL BACKGROUND

The Kansas DUI statute provides progressively enhanced penalties for repeat offenders. See K.S.A. 2020 Supp. 8-1567(b)(1)(A)-(E). A first conviction is classified as a misdemeanor offense. K.S.A. 2020 Supp. 8-1567(b)(1)(A). A second conviction is a misdemeanor with increased jail time and fines. K.S.A. 2020 Supp. 8-1567(b)(1)(B). A

4

third conviction is a misdemeanor with even more severe penalties unless the person has a prior DUI within the last 10 years, in which case it is a felony. K.S.A. 2020 Supp. 8-1567(b)(1)(C) and (D). And a fourth or subsequent conviction is always a felony. K.S.A. 2020 Supp. 8-1567(b)(1)(E).

Various statutory provisions inform the sentencing court which convictions to count when determining whether to sentence a defendant as a first-time, second-time, third-time, or fourth-or-subsequent-time offender. See K.S.A. 2020 Supp. 81567(i)(1)-(6). Relevant to this appeal are the provisions informing the courts which out-of-state DUI convictions qualify as prior offenses under Kansas' DUI statute. The 2018 legislative amendments to K.S.A. 8-1567 materially changed these provisions.

When Patton committed his DUI in January 2016, the version of the statute in effect directed courts to count out-of-state DUI convictions that "would constitute a crime" under the Kansas DUI statute. K.S.A. 2015 Supp. 8-1567(i)(3). But because Patton failed to appear several times, his jury trial did not occur until September 2018, and he was not sentenced until November 2018. In the meantime, the Legislature had amended K.S.A. 8-1567. Those amendments, which went into effect on July 1, 2018, directed courts to count out-of-state DUI convictions that "would constitute an offense that is comparable" to a DUI under the Kansas statute. K.S.A. 2018 Supp. 8-1567(i)(3)(B); L. 2018, ch. 106, § 13. We recounted the legislative process that produced the amendments in *Myers*. 314 Kan. at 368-76.

At sentencing, the parties never discussed which version of K.S.A. 8-1567 applied because Patton had not disputed that he had at least three prior DUI convictions. His presentence investigation report showed four DUI convictions after July 1, 2001. See K.S.A. 2020 Supp. 8-1567(i)(1) (directing courts to count only those prior convictions that occurred on or after that date). The first was a 2003 Kansas conviction. The second

5

was a 2003 Oklahoma conviction. The third was a 2007 Missouri conviction. And the fourth was a 2010 Kansas conviction. Based on these convictions, the district court sentenced Patton to 12 months in jail for having committed a fourth or subsequent DUI under K.S.A. 2018 Supp. 8-1567(b)(1)(E).

On appeal to a panel of the Court of Appeals, Patton argued for the first time that the district court had erred by counting his Oklahoma and Missouri DUI convictions as prior offenses, rendering his sentence illegal. Patton claimed that K.S.A. 2015 Supp. 8-1567, the version of the statute in effect when he had committed the offense, allowed courts to count out-of-state convictions only if the elements of the other state's DUI law were identical to, or narrower than, the elements of the Kansas law. And he insisted that the elements of Oklahoma's DUI and Missouri's driving while intoxicated (DWI) statutes were broader. The State agreed that Patton's sentence should be determined under the version of the law in effect when he committed the offense in January 2016. The State also agreed that the Missouri DWI statute was broader than the Kansas statute. But the State maintained that the elements of the Oklahoma statute were identical to Kansas' DUI statute.

The panel disagreed with the parties' analytical framework. Instead, the panel relied on our decision in *Reese*, which held that the DUI sentencing provisions in effect at the time of sentencing apply, even if those provisions were not yet in effect when the defendant had committed the offense. See 300 Kan. at 657. Under the *Reese* framework, the panel applied K.S.A. 2018 Supp. 8-1567, the version in effect after the 2018 amendments, and held that the district court properly counted Patton's Oklahoma and Missouri convictions as prior offenses because they were "comparable" to a Kansas DUI offense. *State v. Patton*, 58 Kan. App. 2d 669, 681-82, 475 P.3d 14 (2020).

6

We granted Patton's petition for review of this issue. The panel also rejected Patton's prosecutorial-error claim, but Patton did not petition for review of that issue. Following oral argument, we ordered supplemental briefing to address whether the panel's decision to apply the 2018 amendments to K.S.A. 8-1567, relying on *Reese*, violated the Ex Post Facto Clause. In their supplemental briefs, Patton and the State agreed that the panel's application of the amendments violated the Ex Post Facto Clause and that this court should instead apply the DUI sentencing provisions in effect when Patton committed his offense.

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

DISCUSSION

To resolve this appeal, we must determine which version of K.S.A. 8-1567 applies to Patton. Is it, as the panel held, the version in effect when Patton was sentenced? Or, as the parties contend, do ex post facto concerns require us to apply the version in effect when Patton committed his offense?

I.   *Standard of Review and Legal Framework*

To answer those questions, we must interpret K.S.A. 8-1567 as well as statutes from Oklahoma and Missouri. As we have often said, the most fundamental rule of statutory construction is that we follow the Legislature's intent when we can establish it. *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009). We begin that search by looking at the statutory language. If that language is clear and unambiguous, we stop there. 288 Kan. at 257. District courts and the Court of Appeals use the same approach.

7

But statutory interpretation presents a question of law, so our review of the lower courts' conclusions is unlimited, and we need not defer to their interpretation of K.S.A. 8-1567. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

We must also determine whether the application of K.S.A. 2018 Supp. 8-1567 to Patton flouts the Ex Post Facto Clause, which generally prohibits the retroactive criminalization of an act or the retroactive increase in the severity of punishment for an offense. *State v. Todd*, 299 Kan. 263, 277-78, 323 P.3d 829 (2014). Like statutory interpretation, a statute's constitutionality raises a question of law subject to unlimited review. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018).

## II.  *This Case Is Distinguishable from* Reese *Because the Intervening Change in Law Disadvantages Patton*

The facts in *Reese* are similar, but not identical, to those here. Reese committed a DUI in July 2009 and was convicted in June 2011. When he committed that offense, K.S.A. 2009 Supp. 8-1567(o)(3) directed courts to count all prior DUI convictions during a defendant's lifetime when sentencing the defendant as a repeat offender. But before Reese was sentenced, an amendment to K.S.A. 8-1567 went into effect on July 1, 2011. Under that amendment, courts could consider prior convictions only if the conviction occurred on or after July 1, 2001. Reese argued at sentencing that this intervening change in the law should apply to him. The district court disagreed and sentenced Reese for a fourth or subsequent DUI, a felony offense. Because Reese had only one DUI conviction on or after July 1, 2001, applying the amendment would have greatly benefitted him—he would have been sentenced for a second DUI, a misdemeanor offense, rather than the felony sentence that the court imposed.

We reversed a panel of the Court of Appeals that affirmed the district court's ruling. *Reese*, 300 Kan. at 658-59. After reviewing the historical development of the DUI statutory scheme and considering how prior DUI offenses have historically been handled, we announced a general rule: when sentencing a defendant as a repeat DUI offender, the Legislature intended courts to apply the sentencing provisions of K.S.A. 8-1567 in effect at the time of sentencing. 300 Kan. at 654-59. Based on that general rule, we vacated Reese's sentence and remanded with directions to resentence him under the 2011 amendments. 300 Kan. at 659.

Yet there is a material fact that distinguishes Patton's circumstances from those in *Reese*. There, applying the intervening change in the sentencing provisions benefitted the defendant—he was sentenced for a second DUI instead of a fourth or subsequent DUI. In contrast, Patton was *disadvantaged* by applying the intervening change in the sentencing provisions. Under the version of the statute in effect when Patton committed the offense, his Oklahoma and Missouri convictions would not have counted as prior convictions. But under the 2018 amendments that went into effect before Patton was sentenced, those same out-of-state convictions *would* count as prior convictions for purposes of sentencing Patton as a repeat DUI offender.

To confirm that Patton would be disadvantaged by applying the 2018 amendments, we first analyze how Patton's Oklahoma and Missouri convictions would have been treated under each version of the DUI sentencing provisions. Once this conclusion is substantiated, we then determine whether applying the law in effect at the time of Patton's sentencing violates the Ex Post Facto Clause and warrants further clarification of the general rule established in *Reese*.

*A. Under K.S.A. 2015 Supp. 8-1567(i)(3), Convictions Under Oklahoma's and Missouri's Statutes Do Not Count as Prior Convictions for Purposes of Sentencing Patton as a Repeat DUI Offender*

The version of the statute in effect when Patton committed the DUI was K.S.A. 2015 Supp. 8-1567. Under that statute, a prior "'conviction' includes . . . a violation of . . . any law of another state which would constitute a crime described in subsection (i)(1)." K.S.A. 2015 Supp. 8-1567(i)(3). Subsection (i)(1) includes "[c]onvictions for a violation of [the Kansas DUI statute]." K.S.A. 2015 Supp. 8-1567(i)(1). Under this statutory scheme, an out-of-state conviction may be counted as a prior conviction—and in turn, increase the penalty for a current DUI offense—only if that out-of-state crime would also violate the Kansas statute.

We have not previously interpreted this statutory provision. But a panel of the Court of Appeals did in *State v. Stanley*, 53 Kan. App. 2d 698, 390 P.3d 40 (2016). It construed that statute narrowly to include as a prior conviction only those out-of-state offenses with elements identical to, or narrower than, the elements of K.S.A. 8-1567. 53 Kan. App. 2d at 700-01. The panel relied on the plain statutory language to reach that conclusion, not constitutional principles or canons of construction.

We agree with *Stanley*'s conclusion that the plain language of K.S.A. 2015 Supp. 8-1567(i)(3) requires sentencing courts to count out-of-state DUIs as prior convictions only if they pass the "identical-to-or-narrower-than" elements test. This conclusion logically flows from the language in subsection (i)(3) that directs sentencing courts to include as prior offenses those out-of-state convictions that "constitute a crime" under the Kansas DUI statute. Thus, if the elements of an out-of-state statute are identical to the elements of the Kansas DUI statute, then an out-of-state conviction under that jurisdiction's statute would necessarily "constitute a crime" under the Kansas DUI statute. The same is true of an out-of-state statute with elements narrower than the Kansas DUI

10

statute. But if the elements of the out-of-state offense are broader than the elements of the Kansas statute, then a person could violate the out-of-state statute without violating the Kansas statute. In that case, a violation of the out-of-state offense would not necessarily "constitute a crime described in [the Kansas DUI statute]." K.S.A. 2015 Supp. 8-1567(i)(3).

As a result, to determine whether Patton's out-of-state DUIs may be counted as prior convictions under K.S.A. 2015 Supp. 8-1567(i)(3), we must compare the elements of the Missouri and Oklahoma statutes to the elements of the Kansas DUI statute. Unless the elements of those statutes are identical to, or narrower than, those of K.S.A. 2015 Supp. 8-1567, Patton's out-of-state convictions cannot be considered when sentencing him as a repeat DUI offender.

As it still does, the Kansas DUI statute in effect at the time of Patton's offense prohibited operating or attempting to operate a vehicle while the person's blood-alcohol concentration was .08 or more or while the person was incapable of safely driving because of the influence of drugs or alcohol:

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence . . . is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

11

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2015 Supp. 8-1567(a).

Patton's 2007 Missouri DWI conviction was based on Mo. Rev. Stat. § 577.010 (1982). Under that statute, "[a] person commits the crime of 'driving while intoxicated' if he [or she] operates a motor vehicle while in an intoxicated or drugged condition." Mo. Rev. Stat. § 577.010(1) (1982). A person is in an "intoxicated condition" when he or she is "under the influence of alcohol, a controlled substance, or drug, or any combination thereof." Mo. Rev. Stat. § 577.001(13); see also *State v. Schroeder*, 330 S.W.3d 468, 475 (Mo. 2011) (holding that attempts to define what is meant by an "'intoxicated condition'" would "'tend to confuse rather than clarify the issues'").

The Missouri statute is broader than K.S.A. 2015 Supp. 8-1567 in at least one respect. Operating a vehicle "under the influence of alcohol" covers a wider range of conduct than operating a vehicle under the influence of alcohol or drugs "to a degree that renders the person incapable of safely driving a vehicle" or driving when a person's blood alcohol concentration (BAC) "is .08 or more." K.S.A. 2015 Supp. 8-1567(a)(1). A person can be under the influence of alcohol without having a BAC of .08 or more and without being under the influence to a degree that the person is incapable of safely driving. This element of Mo. Rev. Stat. § 577.010 is broader than the elements of K.S.A. 2015 Supp. 8-1567. As a result, a Missouri DWI conviction would not constitute a prior conviction under K.S.A. 2015 Supp. 8-1567(i)(3).

12

Patton's other out-of-state conviction, the 2003 Oklahoma DUI, was based on Okla. Stat. tit. 47, § 11-902 (2002). That statute provided that a person commits an Oklahoma DUI by driving, operating, or being in actual physical control of a vehicle when (1) the person's blood-alcohol concentration is .10 or more, (2) the person is under the influence of alcohol, or (3) the person is incapable of safely driving because of the influence of drugs and alcohol:

> "A. It is unlawful and punishable as provided in this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:
>
> 1. Has a blood or breath alcohol concentration . . . of ten-hundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person;
>
> 2. Is under the influence of alcohol;
>
> 3. Is under the influence of any intoxicating substance other than alcohol which may render such person incapable of safely driving or operating a motor vehicle; or
>
> 4. Is under the combined influence of alcohol and any other intoxicating substance which may render such person incapable of safely driving or operating a motor vehicle." Okla. Stat. tit. 47, § 11-902(A) (2002).

Much of the Oklahoma DUI statute criminalizes the same conduct as Kansas' DUI statute. But the elements of an Oklahoma DUI differ from Kansas in at least one material respect. Under the Oklahoma statute, a person may not "be in actual physical control" of a vehicle while the person has a blood-alcohol concentration of .10 or more or is incapable of safely driving because of the influence of drugs or alcohol. Okla. Stat. tit. 47, § 11-902(A). Under the actual-physical-control standard, "[a] person may thus be convicted . . . if he was intoxicated and behind the wheel of an operable motor vehicle."

13

*State v. Salathiel*, 313 P.3d 263, 264 n.2 (Okla. Crim. App. 2013); see also *Hughes v. State*, 535 P.2d 1023, 1024 (Okla. Crim. App. 1975) (holding that "'actual physical control'" can mean "'directing influence, domination[,] or regulation,'" and that it is sufficient that defendant "could have at any time started the automobile and driven away").

A person who violates that portion of the Oklahoma statute would not have committed a crime under the Kansas DUI statute because the actual-physical-control standard cannot establish a crime under K.S.A. 8-1567. See *State v. Darrow*, 304 Kan. 710, 714, 374 P.3d 673 (2016). The Kansas statute criminalizes "operating or attempting to operate any vehicle" under the influence. K.S.A. 2015. Supp. 8-1567(a). Under the statute, the term "'operating' requires movement of the vehicle, and an 'attempt to operate' means to attempt to move the vehicle." 304 Kan. at 714. As a result, "[t]aking actual physical control of the vehicle is insufficient to attempt to operate that vehicle without an attempt to make it move." 304 Kan. at 714. The Oklahoma statute thus criminalizes a broader range of conduct than the Kansas DUI statute—the elements of the Oklahoma offense are not identical-to-or-narrower-than the crime of DUI in Kansas. Like a conviction under the Missouri statute, a conviction under the Oklahoma statute would not constitute a prior conviction under K.S.A. 2015 Supp. 8-1567(i)(3).

We note that subsection (A)(2) of the Oklahoma DUI statute, on its face, seemingly provides another independent basis for concluding that the elements of the Oklahoma statute are broader than those of the Kansas statute. Under that subsection, a person commits a DUI by operating a vehicle while merely "under the influence of alcohol." Okla. Stat. tit. 47, § 11-902(A)(2). One could argue—and Patton has on appeal—that a person could be "under the influence of alcohol" under the Oklahoma statute without being under the influence to a degree that the person is incapable of safely driving, which the Kansas statute requires. See K.S.A. 2015 Supp. 8-1567(a)(3)-(5).

14

If that were the case, then the Oklahoma DUI statute (much like the Missouri DWI statute) would have elements broader than the Kansas DUI statute.

But unlike the appellate courts in Missouri, Oklahoma's appellate courts have consistently interpreted the phrase "under the influence" to mean that an "intoxicating substance" has "so far affected [a person] as to hinder, to an appreciable degree, his ability to operate a motor vehicle in a manner that an ordinary prudent and cautious person, in full possession of his faculties, using reasonable care, would operate or drive under like conditions." *Stewart v. State*, 372 P.3d 508, 513 (Okla. Crim. App. 2016) (citing *Stanfield v. State*, 576 P.2d 772, 774 [Okla. Crim. App. 1978]); see *Luellen v. State*, 81 P.2d 323, 329 (Okla. Crim. App. 1938).

Based on this authority, we are not convinced that subsection (A)(2) of the Oklahoma DUI Statute is broader than the standard under K.S.A. 2015 Supp. 8-1567(a)(3)-(5), which prohibits "driving under the influence" of alcohol, drugs, or a combination of alcohol and drugs "to a degree that renders the person incapable of safely driving a vehicle." Arguably, being under the influence of a substance to a degree that prevents a person from operating a vehicle as an "ordinary prudent and cautious" person "using reasonable care"—the Oklahoma standard—would also mean that a person was incapable of safely driving a vehicle—the Kansas standard. In other words, an ordinary prudent and cautious person, using reasonable care, drives safely.

As such, subsection (A)(2) of the Oklahoma DUI statute, as construed by Oklahoma appellate courts, appears to be substantively identical to, not broader than, K.S.A. 2015 Supp. 8-1567(a)(3)-(5). Even so, because we have already found that the Oklahoma DUI statute is broader than the Kansas DUI statute in another material respect, we decline to define the exact contours of subsection (A)(2) of the Oklahoma statute.

15

We now turn to the version of the Kansas statute in place at the time of sentencing to determine whether application of the 2018 amendments increase the punishment for Patton's offense.

    *B.   Under K.S.A. 2018 Supp. 8-1567(i)(3) and (j), Convictions Under Oklahoma's and Missouri's DUI Statutes Count as Prior Convictions for Purposes of Sentencing Patton as a Repeat DUI Offender*

The version of the statute in effect at the time of Patton's sentencing was K.S.A. 2018 Supp. 8-1567, which incorporates the Legislature's 2018 amendments. Under that version of the statute, when courts are sentencing a defendant as a repeat DUI offender, they should count convictions "of a violation of . . . any law of another jurisdiction that would constitute an offense that is *comparable to*" the offenses described in the Kansas DUI statute. (Emphasis added.) K.S.A. 2018 Supp. 8-1567(i)(3). And when considering whether an out-of-state offense is "comparable" to a Kansas DUI, sentencing courts consider the name and elements of the out-of-state offense and whether that offense prohibits similar conduct:

> "(j) For the purposes of determining whether an offense is comparable, the following shall be considered:
>
> > (1)  The name of the out-of-jurisdiction offense;
> >
> > (2)  the elements of the out-of-jurisdiction offense; and
> >
> > (3) whether the out-of-jurisdiction offense prohibits similar conduct to the conduct prohibited by the closest approximate Kansas offense." K.S.A. 2018 Supp. 8-1567(j)(1)-(3).

16

We recently interpreted these provisions in *Myers*. We determined that the word "comparable" was ambiguous in the statute and examined the legislative history that led to the 2018 amendments. 314 Kan. at 368-76. Based on this history, we held that when sentencing defendants as repeat offenders under the Kansas DUI statute, the Legislature intended courts to count as prior convictions those out-of-state offenses comparable to Kansas' DUI statute in title, elements, and prohibited conduct, even if the elements of the out-of-state crime are broader. 314 Kan. at 376. And we determined that the Missouri DWI statute was similar to the Kansas DUI statute in title, elements, and prohibited conduct and thus was "comparable" for purposes of K.S.A. 2018 Supp. 8-1567(i)(3). 314 Kan. at 377.

As part of our legislative history analysis, we also looked to the preamble to the bill enacting the 2018 amendments, which explains that the Legislature intended convictions from a nonexclusive list of jurisdictions, including Missouri, to be comparable offenses that qualify as a prior DUI offense under K.S.A. 8-1567:

> "WHEREAS, The Legislature intends to promote the inclusion of convictions for such offenses in a person's criminal history, including, but not limited to, any violation of: Wichita municipal ordinance section 11.38.150; Missouri, V.A.M.S. § 577.010 or V.A.M.S. § 577.012; Oklahoma, 47 Okl. St. Ann. § 11-902; Colorado, C.R.S.A. § 42-4-1301(1); and Nebraska, Neb. Rev. St. § 60-6,196." House Journal, p. 3078 (May 2, 2018).

We recognized that this type of legislative preamble is not part of the enacted statute, but in the face of statutory ambiguity, "'[a] preamble, purpose clause, or recital is a permissible indicator of meaning.'" 314 Kan. at 374 (quoting Scalia & Garner, Reading Law: The Interpretation of Legal Texts 217 [2012]). We relied, in part, on that preamble to clarify the statutory ambiguity and to bolster our conclusion that the Legislature

17

intended convictions under Missouri's DWI statute to count as prior convictions for the sentencing of repeat DUI offenders. 314 Kan. at 374.

Using the same reasoning employed in *Myers*, we can reach the same conclusion about Oklahoma's DUI statute. The statute's title, elements, and prohibited conduct are similar to the Kansas DUI statute. And the list of jurisdictions set forth in the preamble to the bill enacting the 2018 amendments also includes Oklahoma convictions. Thus, we hold that a conviction under Oklahoma's DUI statute is "comparable" to Kansas' DUI statute and thus constitutes a prior conviction under K.S.A. 2018 Supp. 8-1567.

The analysis above confirms that under the version of the statute in effect when Patton committed his offense, neither his prior Missouri DWI conviction nor his Oklahoma DUI conviction constituted prior offenses for purposes of sentencing under K.S.A. 2015 Supp. 8-1567. But under the version of the statute in effect at the time of Patton's sentencing, both out-of-state convictions are "comparable" to a Kansas DUI conviction. Thus, both Patton's Missouri DWI conviction and Oklahoma DUI conviction constitute prior offenses for purposes of sentencing under K.S.A. 2018 Supp. 8-1567.

In this respect, whether Patton's out-of-state convictions constitute prior offenses for purposes of sentencing depends on which version of the statute applies—under K.S.A. 2015 Supp. 8-1567 the out-of-state convictions are not prior offenses, but under K.S.A. 2018 Supp. 8-1567, both out-of-state convictions constitute prior offenses. We now consider the legal consequences arising from this conclusion.

III. *Applying the 2018 Amendments Under These Circumstances Violates the Ex Post Facto Clause and Requires Clarification of the Rule in* Reese.

As noted above, an ex post facto violation occurs when a statute applies to acts committed before the statute went into effect and applying the statute disadvantages

the defendant. *Todd*, 299 Kan. at 277-78. Here, the Court of Appeals panel applied statutory amendments to an act (Patton's January 2016 DUI) that occurred before those amendments came into effect. We must now determine whether that application disadvantaged Patton in violation of the Ex Post Facto Clause.

Not all allegations of disadvantage can establish an ex post facto violation. Instead, to be unconstitutional under the Clause, the statute must disadvantage the defendant in one of the three ways recognized in *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed. 216 (1925). *Todd,* 299 Kan. at 277. There, the United States Supreme Court described three categories of statutes that would violate the Clause: (1) statutes that punish as a crime conduct that was innocent when a person committed it; (2) statutes that increase the punishment for a crime after its commission; and (3) statutes that deprive a person of a defense to a crime available when it was committed. 299 Kan. at 277.

Based on our comparison of the DUI sentencing provisions in effect when Patton committed the offense with those provisions in effect after the 2018 amendments, we conclude that the second *Beazell* category applies. The panel's application of the 2018 amendments required it to count Patton's prior out-of-state convictions in determining his repeat offender status. And because the DUI statute provides progressively enhanced penalties for repeat offenders, the effect of including those out-of-state convictions was to increase Patton's punishment. As a result, applying the 2018 amendments to Patton would increase the penalty for his offense after he committed it. Which is to say, application of those amendments to Patton would violate the Ex Post Facto Clause.

This constitutional predicament requires us to clarify the general rule established in *Reese*:  that a sentencing court should apply the law in effect at the time of sentencing to determine whether a defendant has committed a first, second, third, or fourth or

19

subsequent DUI offense. 300 Kan. at 656, 658-59. That general rule stands. But in *Reese*, the defendant benefited from the intervening change in the law. Here, the intervening change in the law disadvantages Patton by retroactively increasing the punishment for his offense, in violation of the Ex Post Facto Clause. Thus, we clarify the general rule in *Reese* and hold that a sentencing court should apply the version of K.S.A. 8-1567 in effect at the time of sentencing *unless* the Legislature amended the statutory provisions after the offense was committed *and* that amendment increases the defendant's penalty (or otherwise disadvantages the defendant as contemplated in *Beazell*). In those circumstances, the sentencing court must apply the law in effect when the offense was committed.

With that clarification, we conclude that the DUI sentencing provisions in effect when Patton committed his DUI in January 2016 apply to his sentencing. Even so, we do not fault the approach taken by the Court of Appeals panel. Courts are duty bound to follow this court's precedent absent an indication that we are departing from that precedent, and we had given no indication that we were departing or modifying the rule established in *Reese*. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). But the facts of this appeal require clarification of that general rule. As a result, we reverse the panel of the Court of Appeals and remand the matter to the district court for resentencing under the DUI sentencing provisions in effect when Patton committed his crime, i.e., K.S.A. 2015 Supp. 8-1567.

Lastly, we briefly note some lingering uncertainty about one of Patton's prior DUI convictions. Along with Patton's 2003 Kansas DUI conviction and the out-of-state convictions discussed above, Patton's presentence investigation report (PSI) also included a 2010 Kansas DUI conviction as part of his criminal history. Unlike the first three convictions, the PSI scored the 2010 Kansas DUI as an adult nonperson felony, not as a sentence enhancement. During oral arguments, Patton claimed that the PSI classification

controls and that the 2010 conviction cannot count as a prior conviction at sentencing. Contrary to the statement of the Court of Appeals, the State has consistently maintained on appeal that the 2010 Kansas conviction should count as a prior conviction for sentencing purposes. And in supplemental briefing, the State contended that the PSI complied with K.S.A. 2015 Supp. 21-6810(d)(9), which directs courts to count all prior convictions for criminal-history purposes except those that are used to enhance a sentence. Here, only three prior DUI convictions were needed to enhance Patton's sentence to a fourth-or-subsequent DUI, the highest severity. So the State argues that there would have been no reason for the PSI to list the 2010 DUI as a sentence-enhancing conviction. The record before us is not sufficient for meaningful review and resolution of this issue. That said, this opinion does not foreclose further litigation of that issue on remand for resentencing.

The judgment of the Court of Appeals affirming the district court is reversed, the judgment of the district court is vacated, and the case is remanded to the district court with directions.

STANDRIDGE, J., not participating.
HENRY W. GREEN JR., J., assigned.[1]

---

[1]**REPORTER'S NOTE:** Judge Green, of the Kansas Court of Appeals, was appointed to hear case No. 120,434 vice Justice Standridge under the authority vested in the Supreme Court by K.S.A. 2020 Supp. 20-3002(c).

21