NOT DESIGNATED FOR PUBLICATION

Nos. 127,057
127,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STAN P. MILLS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion on remand filed July 18, 2025. Sentences vacated and case remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: In his appeal, Stan P. Mills Jr. challenges the statutory duty to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., as a violation of his free speech rights under the First Amendment to the United States Constitution and section 11 of the Kansas Constitution Bill of Rights. He also contends that the Sedgwick County District Court erred in refusing to give him jail time credit against both of his consecutive sentences.

1

This court issued an opinion on November 15, 2024, affirming the district court's orders by finding that Mills did not preserve the constitutional issue and that the district court did not err in awarding jail time credit. *State v. Mills*, No. 127,057, 2024 WL 4799513 (Kan. App. 2024) (unpublished opinion), *rev. granted* 320 Kan. ___ (April 21, 2025). Relying on *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023) and our court's prior decision in *State v. Feikert*, 64 Kan. App. 2d 503, 509-10, 553 P.3d 344 (2024), *rev. granted* 320 Kan. ___ (June 20, 2025), we found that Mills could not receive duplicative jail credit. Mills filed a petition seeking the Kansas Supreme Court's review of our decision on both issues, which the Supreme Court granted on April 21, 2025.

Three months ago, the Kansas Supreme Court issued its opinion in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). Based on the decision in *Ervin* finding that duplicative jail credit can be assessed, both Mills and the State filed supplemental briefing to address the *Ervin* decision. Then, the Supreme Court determined it had improvidently granted review of the KORA issue and denied review of that issue. In the same order, the court summarily vacated that portion of our opinion, finding the district court properly awarded Mills' jail time credit and remanded only that issue back to our court for reconsideration under *Ervin*. *State v. Mills*, No. 127,057 (Kan. S. Ct. order filed June 20, 2025). On the same date, the Supreme Court also vacated our court's previous decision in *Feikert*. See *State v. Feikert*, No. 126,505 (Kan. S. Ct. order filed June 20, 2025).

We now find that consistent with *Ervin*, Mills is entitled to receive jail credit for all time served regardless of whether that allows him "double" credit as applied. The district court's calculation of jail credit is vacated, and the case is remanded to the district court to apply jail credit toward Mills' sentence consistent with *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

Only the facts related to the district court's sentencing order are necessary in this remand.

The court imposed a sentence of 34 months' imprisonment on each of Mills' aggravated battery convictions. The court ordered the two sentences to run consecutive to one another and any previously imposed sentences. The court awarded Mills 758 days of jail time credit against the sentence imposed in Case 1 for time spent in jail between October 6, 2021, and November 3, 2023, and 7 days of credit in Case 2 for time spent in jail between September 15, 2021, and September 21, 2021. Ordering jail time credit, the judge explained:

> "Now, you have the right to receive credit for all the time that you've spent with us in jail on these cases. I think that Tricia has an estimate probably. That's not to say you have to agree with it, but at least she has an estimate. And there is not duplicative credit. You understand that if you're with us one day, today, for example, you get credit on one of the cases or the other, but not both cases? You understand that concept; is that correct?"

When Mills indicated that he did not understand, the court permitted him time to speak privately with his attorney. After conferring with his counsel, Mills affirmed that he understood how jail time credit was being applied because his sentences were ordered to run consecutive.

Mills timely appealed his sentence, challenging the award of jail credit. As indicated above, this case returns to us upon remand from our Supreme Court to reconsider our previous decision affirming the district court's award of jail credit based on its recent decision in *Ervin*.

ANALYSIS

Today, our resolution of Mills' jail time credit argument is mandated by our Supreme Court's decision in *Ervin*. The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Based on the plain language of K.S.A. 21-6615, as recently interpreted by our Supreme Court in *Ervin*, Mills is correct that a district court is required to award an allowance for all time spent incarcerated pending the disposition of the defendant's case. This language requires the district judge to award one day of credit for each day that Mills was incarcerated pending disposition of this case regardless of whether he received an allowance for some or all that time against a sentence in another case. See *Ervin*, 320 Kan. at 311-12.

The State argues that *Ervin* was wrongly decided, yet we are duty bound to follow Supreme Court precedent. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Accordingly, consistent with *Ervin*, Mills is entitled to receive jail credit for all time served regardless of whether that allows him duplicative credit as applied. The district court's sentencing decision is vacated, and this case is remanded to the district court to apply jail credit toward Mills' sentence consistent with *Ervin*.

Sentences vacated and case remanded with directions.

4