NOT DESIGNATED FOR PUBLICATION

No. 127,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER R. BARNETT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL and QUENTIN L. PITTMAN, judges. Submitted without oral argument. Opinion filed September 12, 2025. Vacated in part and remanded with directions.

*Andrew J. McGowan*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.


PER CURIAM:  Tyler R. Barnett appeals from the district court's award of jail time credit after pleading guilty in two consolidated criminal cases. In the first case, the district court sentenced him to 120 months in prison. And in the second case, the district court imposed a concurrent sentence of 68 months in prison. The district court then ordered that both of these sentences run consecutive to Barnett's prior criminal cases. Although the district court awarded Barnett 776 days of jail time credit in the first case and 371 days of jail time credit in the second case, it found that he was not entitled to

1

receive duplicative credit for the time he spent in custody pending disposition of both cases.

On appeal, Barnett contends that he is entitled to duplicative jail time credit under K.S.A. 21-6615(a). Based on the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), we agree that Barnett is entitled to duplicative credit for the days he was incarcerated pending the disposition of the two cases. Accordingly, we vacate the calculation of Barnett's jail time credit and we remand this matter to the district court to determine the proper amount of jail time credit to be awarded in light of the holding in *Ervin*.

## FACTS

The parties are familiar with the facts and the procedural history of the underlying criminal cases. So we need not repeat them here. It is undisputed that Barnett pled guilty to indecent liberties with a child and sexual exploitation of a child in two consolidated criminal cases. Subsequently, the district court sentenced him to a total prison term of 120 months to run consecutive to his sentences in his prior criminal cases. It is also undisputed that Barnett was granted jail time credit of 776 days in the first case and 371 days in the second case. Even so, the district court determined that he was not entitled to duplicate jail time credit.

## ANALYSIS

The sole issue presented in the appeal is whether Barnett should have received duplicative jail credit against his sentences in his two criminal cases. Barnett contends that K.S.A. 21-6615(a) requires the district court to award him jail time credit in both cases for all the time he was incarcerated pending the disposition of these cases. In response, the State agrees that Barnett is entitled to jail time credit for the time he was

incarcerated pending the disposition of the two criminal cases. But the State maintains that he is not entitled to duplicate credit.

Barnett's right to jail time credit is controlled by K.S.A. 2021 Supp. 21-6615(a), which provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added).

In *Ervin*, the Kansas Supreme Court held that K.S.A. 21-6615(a) requires "district courts to award credit for all time spent in jail pending the disposition of a defendant's case. Furthermore, our Supreme Court clarified that the statute compels an award of one day of jail time credit for "each day that [a defendant] was incarcerated pending disposition of a [criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. Consequently, we find that Barnett is entitled to one day of jail time credit in each of these criminal cases for the days he was incarcerated pending their disposition even if he received credit in another case. See 320 Kan. at 311-12.

We recognize that when the parties filed their briefs, a motion for rehearing was pending—in *Ervin*—and the decision was not final. But on May 22, 2025, the motion for rehearing was denied and a mandate was issued on June 2, 2025. As a result, we are duty bound to follow this precedent of the Kansas Supreme Court. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Although we appreciate the State's arguments

3

regarding *Ervin*, it is not our role to determine whether a decision from our Supreme Court was wrongly decided.

For these reasons, we find that *Ervin* controls the limited issue presented in this appeal. As such, we conclude that the district court's ruling regarding the amount of jail time credit to be awarded was error. Thus, we remand this matter to the district court for a determination of the appropriate amount of jail time credit to be awarded to Barnett under K.S.A. 21-6615(a) as interpreted in *Ervin*.

Vacated in part and remanded with directions.