NOT DESIGNATED FOR PUBLICATION

Nos. 127,297
127,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN L. CONNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed September 19, 2025. Vacated in part and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Jordan L. Conner pleaded guilty in two separate cases to charges of identity theft and offender registration. The district court sentenced him to a controlling prison term of 43 months, running the two sentences concurrently but consecutively to the underlying sentences in pending parole violation cases, for which he was also being held in custody. The court entered a qualified award of jail credit for the 156 days Conner spent in jail, ordering that he would not be eligible for duplicate credit if he received that time in the parole violation case. Conner timely appealed.

1

After we docketed Conner's appeal, the Kansas Supreme Court issued *State v. Ervin*, 320 Kan. 287, Syl. ¶ 12, 566 P.3d 481 (2025), ruling that offenders are entitled to receive jail credit for all time served regardless of whether they received an allowance for that time against a sentence in another case. Conner filed a letter of additional authority under Supreme Court Rule 6.09 (2025 Kan. S. Ct. R. at 40) asking us to consider *Ervin* in issuing our decision. The State responded. It is clear under our Supreme Court's analysis in *Ervin* that Conner is entitled to receive jail credit for the 156 days he spent in jail in the current cases, even if he also receives an allowance for that time in his parole violation case. We vacate and remand this case to the district court with directions to enter an amended journal entry unconditionally awarding Conner the jail credit to which he is entitled consistent with *Ervin*.

FACTUAL AND PROCEDURAL HISTORY

Only the facts related to the district court's sentencing order are necessary to resolve this appeal.

The State charged Conner with identity theft and speeding under case number 23CR1710 (Case 1), as well as two counts of violating the Kansas Offender Registration Act under 23CR1716 (Case 2). Conner ultimately entered a global plea agreement covering both cases, opting to plead guilty to the charge of identity theft in Case 1 and one count of offender registration violation in Case 2.

After accepting Conner's plea, the district court sentenced Conner to 23 months in prison in Case 1 and 43 months in prison in Case 2, running concurrently for a total prison term of 43 months. The court also ordered the sentences to run consecutively to the sentences in two prior cases, for which Conner was on parole when he committed the current offenses. The district court's journal entry of judgment in both cases awarded Conner 156 days of jail credit for time served from August 22, 2023, to January 25, 2024,

2

but contained a note that during this period "defendant was also held on a KDOC warrant for parole violation in 17CR2570 [(Case 3)] and 19CR3221 [(Case 4)]. As this case is consecutive to [Case 3] and [Case 4] if defendant receives credit for these dates in [Case 3] and/or [Case 4] then defendant is not eligible for duplicate credit for these dates in [Case 1]."

Conner timely appealed.

ANALYSIS

Conner's appeal only challenges the district court's order qualifying his award of jail credit in the current cases, Cases 1 and 2, on whether credit for the same time was awarded in his prior cases, Cases 3 and 4.

The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

In the district court and in his appellate brief, Conner argued the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), entitled him to relief. The State disagreed, pointing to this court's decision in *State v. Feikert*, 64 Kan. App. 2d 503, 509, 553 P.3d 344 (2024), *vacated by Kan. S. Ct. order* June 20, 2025, which held under the 2022 version of the jail credit statute that a defendant is entitled to a single day of jail credit for each day spent in jail while a case is pending, but not to duplicative jail credit in multiple cases when consecutive prison sentences are imposed.

3

But our Supreme Court's recent decision in *Ervin* disapproved of this court's analysis in *Feikert* and held that K.S.A. 21-6615 requires the district court to "award an allowance for all time spent incarcerated 'pending the disposition of the defendant's case.'" *Ervin*, 320 Kan. at 311; *State v. Feikert*, No. 126,505 (Kan. S. Ct. order filed June 20, 2025). It held that a defendant receives one day of credit for each day spent incarcerated pending disposition of their case, even if they "received an allowance for some or all that time against a sentence in another case." *Ervin*, 320 Kan. at 311-12. After *Ervin* was issued, Conner submitted a notice of additional authority under Supreme Court Rule 6.09 alerting this court and the State.

Resolution of Conner's appeal is mandated by our Supreme Court's decision in *Ervin* because we are duty bound to follow Supreme Court precedent, absent some indication of a departure. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Thus, based on the plain language of K.S.A. 21-6615, as recently interpreted by our Supreme Court in *Ervin*, the district court's qualified award of jail credit in the current cases must be vacated. Conner is entitled to receive jail credit for time that he spent in jail pending disposition of the charges in Cases 1 and 2. Accordingly, we remand this matter to the district court for a determination of the appropriate amount of jail time credit to be awarded to Conner under K.S.A. 21-6615(a) as interpreted in *Ervin*.

Vacate the sentences in Cases 1 and 2 and remand for application of jail credit consistent with this opinion.

Vacated in part and remanded with directions.