NOT DESIGNATED FOR PUBLICATION

No. 127,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN LAVON JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Submitted without oral argument. Opinion filed September 26, 2025. Sentence vacated in part and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Steven Lavon Johnson was on probation in two separate cases. Because Johnson's probation did not go well, it was revoked, and he was ordered to serve his underlying prison sentences in both cases, totaling 60 months. Johnson timely appeals, arguing the district court erred by awarding jail credit to only one of his sentences. Because we are duty-bound to follow precedent from our Supreme Court, we reverse and remand for the district court to give Johnson the proper jail credits he earned toward both sentences.

1

The facts underlying Johnson's convictions are not relevant to the narrow issue on appeal. Pertinent here, Johnson was sentenced to 44 months' imprisonment in 20CR510, with a consecutive sentence of 16 months' imprisonment in 21CR18. The district court suspended his sentences to 24 months' probation. Johnson's probation was later revoked, and the district court ordered him to serve his underlying prison sentences. The journal entry of probation revocation reflects Johnson was given 162 days of jail credit but only toward his sentence in 20CR510.

Johnson asserts our Supreme Court's ruling in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), requires he be given 162 days' jail credit in both cases. The State agrees Johnson is entitled to such credit under *Hopkins*—or at least through its subsequent application in *State v. Ervin*, 320 Kan. 287, 306-312, 566 P.3d 481 (2025) (decided after Johnson filed his brief)—and acknowledges we are duty-bound to follow *Ervin*. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). However, the State raises multiple arguments that *Ervin* was wrongly decided to preserve the point for further review. Although the State's arguments appear well-founded as a matter of common sense, we must follow our Supreme Court's directive in *Ervin*. Accordingly, we remand to the district court to prepare a new journal entry for reassessment of Johnson's jail credit toward his sentence in 21CR18.

Sentence vacated in part and case remanded with directions.