NOT DESIGNATED FOR PUBLICATION

No. 128,146

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OFELIO CUEVAS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed May 1, 2026. Affirmed.

*Merideth J. Hogan,* of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

HURST, J.: The State charged Ofelio Cuevas Jr. with seven criminal offenses related to an incident in March 2023, including one count of misdemeanor theft relevant here. On appeal, Cuevas challenges the sufficiency of the evidence supporting the misdemeanor theft conviction because the State failed to present evidence of the value of the stolen property. According to the Kansas Supreme Court, however, for the purpose of proving misdemeanor theft, all property has a minimum monetary value. Moreover, to prove misdemeanor theft, the State need not disprove felony theft. Therefore, to prove misdemeanor theft, the State was not required to present evidence of the value of the

1

property Cuevas took. Accordingly, this court is convinced that a rational factfinder could have found Cuevas guilty of misdemeanor theft beyond a reasonable doubt. Cuevas' conviction for misdemeanor theft is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2023, Cuevas and the victim were in an argument at Cuevas' residence when Cuevas took the victim's iPhone 13 to prevent the victim from leaving or calling authorities. Cuevas refused to return the iPhone. The victim left anyway and more than a week later reported that Cuevas took the iPhone to the police. On April 6, 2023, the State charged Cuevas with multiple offenses related to the incident, including one count of misdemeanor theft.

After a trial where the victim testified, a jury convicted Cuevas of felony criminal threat, two misdemeanor domestic battery counts, and misdemeanor theft. The district court sentenced Cuevas to a controlling sentence of nine months in prison. Cuevas appealed.

## DISCUSSION

Cuevas appeals only the propriety of the misdemeanor theft conviction, so the other convictions are not at issue here. According to Cuevas, the State failed to present sufficient evidence to sustain the theft conviction, specifically that it failed to present sufficient evidence that the iPhone 13 had a value of *less* than $1,500.

When a defendant challenges the sufficiency of the evidence supporting a criminal conviction, the appellate court reviews the evidence presented in the most favorable light to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Mendez*, 319 Kan. 718, 723, 559 P.3d 792

(2024). A reviewing court need only look to the evidence in favor of the verdict to determine whether the State has presented sufficient evidence supporting the essential elements, and even the most serious convictions can be supported by circumstantial evidence. *State v. Zeiner*, 316 Kan. 346, 350, 515 P.3d 736 (2022). Additionally, the evidence need not exclude every other reasonable conclusion to support a conviction. 316 Kan. at 350. On appeal, this court does not reweigh the evidence, reassess witness credibility, or resolve evidentiary conflicts. *Mendez*, 319 Kan. at 723.

Theft is defined as:

"[A]ny of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:

"(1) Obtaining or exerting unauthorized control over property or services."
K.S.A. 21-5801(a)(1).

The type of theft (misdemeanor or felony) and severity level of the felony offense is established by the minimum value of the taken property. K.S.A. 21-5801(b). A theft conviction for property valued at less than $1,500 is a class A nonperson misdemeanor—the lowest level of theft conviction. K.S.A. 21-5801(b)(4).

It is undisputed that the State did not present evidence of the iPhone's value. Cuevas contends that the phone's value being less than $1,500 was an essential element of the crime and that the State was thus required to present evidence of the phone's value. The State disagrees, arguing that a presumption exists that property has some minimum value and that it would only have needed to prove the phone's value if it had charged Cuevas with felony theft to prove the phone had a value *equal to or greater* than $1,500. The State's argument is persuasive. There is an inherent difference between a misdemeanor theft charge, which does not require the property taken to have a specific minimum value, and a felony theft charge, which requires that the property taken have at

least a minimum value. See K.S.A. 21-5801(b)(3), (b)(4). In 1994, a panel of this court explained that difference when it found that the plain language of the subsection of the theft statute addressing misdemeanor theft did not require that the stolen property have a particular monetary value. *State v. Van Buren*, No. 70,009, 1994 WL 17120528, at *2 (Kan. App. 1994) (unpublished opinion) (finding misdemeanor theft did not require proof of the value of the property). Cuevas acknowledges this prior decision but argues it was decided in error because the value of the property is an essential element of the crime that the State must prove as a matter of Cuevas' due process rights.

In arguing that the State violated Cuevas' due process rights under the Fourteenth Amendment to the United States Constitution, Cuevas likens this case to cases in which appellate courts have reversed convictions because the government presented "no evidence" to support an essential element of the offense. See, e.g., *Thompson v. Louisville*, 362 U.S. 199, 204, 206, 80 S. Ct. 624, 4 L. Ed. 2d 654 (1960) (reversal of a loitering conviction when there was no evidence of the elements); *State v. West*, No. 99,063, 2008 WL 4849472, at *2-3 (Kan. App. 2008) (unpublished opinion) (reversal of a conviction for sale of cocaine within 1,000 feet of a school because there was no evidence presented that the structure, referred to as "Garfield School," was used as a school). Unlike the types of cases Cuevas relies on, a conviction of misdemeanor theft does not require proof of the minimum monetary value of the property or service taken. See K.S.A. 21-5801(b)(4) (classifying theft of "property . . . of the value of less than $1,500" as a class A misdemeanor).

The Kansas Supreme Court has explained this issue, and this court is duty bound to follow that precedent. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022) (The Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position.); *State v. Charles*, 298 Kan. 993, 1001, 318 P.3d 997 (2014) (addressing whether the value of property must be proven for misdemeanor theft convictions). In *Charles*, the defendant

argued for reversal of two misdemeanor theft convictions because the undisputed evidence at trial proved the stolen property was worth *more than* $1,000—which meant the value met the threshold for felony theft convictions. See 298 Kan. at 1000; K.S.A. 21-3701(b) (Torrence 2007) (repealed in 2010 and replaced by K.S.A. 21-5801[b]). Charles argued that he should have been charged with and convicted of two felonies instead of two misdemeanors, and that the misdemeanor convictions therefore required reversal. The court disagreed and found that when the State seeks a guilty verdict of misdemeanor theft, it "need not disprove" felony-level theft, and it reiterated that "[a]ll personal property has some value, even if just 'some small token value.'" *Charles*, 298 Kan. at 1001-02 (quoting *State v. Gomez*, 234 Kan. 447, 450-51, 673 P.2d 1160 [1983]).

The *Charles* court clarified that the State is not required to present any evidence of the value of taken property to prove misdemeanor level theft: "Because of the presumption that property has some value, when the State puts on evidence of stolen private property in a theft case, it simultaneously puts on evidence of value, satisfying, at a minimum, the proof requirement for the misdemeanor level of the crime." 298 Kan. at 1001. "Only if the State seeks a guilty verdict on felony-level theft is it compelled to put on proof of value equal to or exceeding" the felony value level. 298 Kan. at 1001-02. Essentially, the State was not required to pursue a felony conviction merely because it might have had sufficient evidence that the property had a value supporting a felony conviction.

Cuevas does not dispute that the iPhone at issue constitutes property for the purpose of a theft conviction, nor does Cuevas contend that the State failed to present evidence that he took the iPhone. Therefore, because of the unique nature of the elements of misdemeanor and felony theft and the presumption that all property has some inherent value, the State need not present evidence of the minimum or maximum value of the taken property to prove misdemeanor theft. "[W]hen the State puts on evidence of stolen private property in a theft case, it simultaneously puts on evidence of value, satisfying, at

5

a minimum, the proof requirement for the misdemeanor level of the crime." *Charles*, 298 Kan. at 1001.

## CONCLUSION

After a jury convicted Cuevas of felony criminal threat, two misdemeanor domestic battery counts, and misdemeanor theft, Cuevas appeals only the theft conviction and claims the State failed to present any evidence supporting an essential element of the offense. In accordance with binding Kansas Supreme Court precedent on the issue, the State was not required to present evidence of the monetary value of the property taken to support a conviction for misdemeanor theft. This court is convinced that a rational factfinder could have found Cuevas guilty of misdemeanor theft beyond a reasonable doubt.

Affirmed.