NOT DESIGNATED FOR PUBLICATION

No. 125,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

DANIEL MARTIN FALEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed March 8, 2024. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Daniel Martin Faley appeals the district court's decision to revoke his probation and impose his underlying prison sentences. He argues that drug rehabilitation would be more productive for him and for society and that the district court should have imposed intermediate sanctions. Because the district court made no legal error and did not abuse its discretion, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

Under a plea agreement in which the State agreed to recommend a dispositional departure to probation, Faley pleaded guilty to burglary in a 2020 case. The district court followed the plea agreement, sentencing Faley to a controlling sentence of 34 months but granting the dispositional departure and placing him on probation for 24 months.

Roughly eight months later, the State charged Faley with a new crime for events that occurred in July 2021. A warrant alleged that Faley violated his probation in his 2020 case by committing the new crime—criminal possession of a weapon—and that he used amphetamines. Faley admitted using alcohol and methamphetamine, and he consented to serve a three-day intermediate jail sanction.

Two months later, a second warrant alleged that Faley: (1) failed to report to his probation officer; (2) committed another new offense—criminal trespass; and (3) was found in possession of a knife. A few days later, Faley failed to appear for the preliminary hearing in his 2021 case, leading the district court to issue a warrant. About three weeks later, a third warrant was filed alleging that Faley violated probation by speeding and by circumventing an ignition interlock device.

Faley ultimately pleaded guilty in his 2021 case and admitted the probation violations in his 2020 case. On the 2021 case, Faley was sentenced to a 23-month sentence, consecutive to all prior cases, but was again granted a dispositional departure and placed on probation for 18 months. On his 2020 case, the district court found that Faley violated probation, extended his probation for 18 months, and ordered a 3-day jail sanction.

Seven months later, a final warrant alleged that Faley violated probation by committing new crimes again— possession of a controlled substance and two counts of

2

aggravated assault on a law enforcement officer. At the probation revocation hearing, Faley admitted to three misdemeanor convictions in municipal court arising from the events referenced in the warrant—possession of drug paraphernalia and two counts of assault. The State asked the district court to revoke Faley's probation and impose his underlying sentences. Faley pleaded for another chance on probation so he could pursue further treatment and get his life back on track. Faley also asked the district court to mitigate his sentences if the court revoked probation.

Noting that Faley was in criminal history category A—with more than 30 priors— and that he had received dispositional departures in both his cases yet committed still more crimes while on probation, the district court imposed Faley's original prison sentences without modification.

Faley timely appeals.

ANALYSIS

*The district court did not abuse its discretion by imposing Faley's original sentences without modification*

Once a probation violation has been established, the appropriate disposition rests within the district court's sound discretion unless an intermediate sanction is statutorily required. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Faley bears the burden of proving that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Faley acknowledges that he violated his probation and that the district court had the authority to revoke his probation without first imposing graduated sanctions. See K.S.A. 2022 Supp. 22-3716(c)(7)(B) (authorizing revocation without intermediate sanctions when the probation term was originally granted because of a dispositional departure). But he argues the statute merely permits the court to impose the underlying sentences, it does "not make the imposition of the original sentence a reasonable choice." Faley presents several arguments, including citations to medical research, to support his assertion that rehabilitation and probation are better options than prison and would better serve Faley and the community.

Our review of the record reveals that the district court consistently and thoughtfully encouraged Faley to seriously engage in treatment for his drug issues throughout the history of these cases. The record shows that Faley was, at times, successful in addressing those issues. As detailed by the district court, Faley received inpatient treatment as well as the benefit of probation in two cases in which the guidelines sentence was presumptive prison. While on probation for his 2020 case, Faley committed new crimes, resulting in the 2021 case. Thereafter, the court imposed sanctions and extended Faley's probation on the 2020 case and granted him a second departure sentence to probation for the 2021 case. Then, while on probation in both cases, Faley committed additional crimes. The district court concluded that probation was not working for Faley as he continued to commit new crimes.

When revoking probation and declining to modify Faley's original sentences, the district court again thoughtfully engaged with Faley, stating:

> "You have done some good things. You've impressed me at times, I think, with substance and not just words . . . . But we've done and tried everything and you committed crimes on probation and I—under this I can't tolerate it and I'm not going to. . . .

4

"So I'm sorry it's come to this, I really am. I hoped more for you. By the way, this isn't a—this isn't a eulogy. I don't mean it to sound like one. You're a relatively young man and I would view prison as an opportunity to change. I mean, everything else has failed so maybe more prison will help. I don't say that cheeky; I mean it. It is to remove people from society, but it's also to teach consequence and to reinforce certain standards and so forth so use it well. I'm not just throwing you away, I'm enforcing your choice. You made a choice to do this; I think you agree with that. I'm just enforcing it. I have no confidence that you can do probation now, zero, not now."

While not every person may agree with the perspective expressed by the district court, the ruling is not arbitrary, fanciful, or unreasonable, and it is not based on an error of fact or law. We find no abuse of discretion in the decision by the district court to revoke Faley's probation.

Faley also suggests the district court erred by failing to modify the original sentences. But he fails to argue or explain how the district court erred by imposing the original prison sentences rather than shorter ones. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

In any event, appellate courts apply an abuse of discretion standard of review on appeal from the district court's decision to deny a motion for sentence modification under K.S.A. 2022 Supp. 22-3716(c)(1)(C). See *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). Nothing in the record indicates that the district court abused its discretion by declining to modify the length of Faley's incarceration.

Finally, Faley does not dispute that he committed new crimes while he was on probation, which resulted from departure sentences. K.S.A. 2022 Supp. 22-3716(c)(7)(C). But he argues that the district court should have been more explicit in its decision to bypass intermediate sanctions and impose his prison sentences. Here, the district court, in

5

explaining its decision to revoke Faley's probation, stated, "[L]egally this was a presumptive prison sentence and you just committed new crimes while on probation," and the district court noted that it had given Faley a chance by granting the  dispositional departures. Faley acknowledges that in light of our Supreme Court's decision in *Tafolla*, the district court is not required to expressly invoke the statute or make particularized findings in exercising its discretion to apply the dispositional departure bypass. See 315 Kan. 324, Syl. ¶ 2. Although Faley contends that *Tafolla* was wrongly decided, he acknowledges that this court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Faley raises the argument to ensure its preservation for further review, correctly conceding that this court can provide him no relief.

We find no error by the district court in exercising its discretion to revoke Faley's probation and impose his original sentences.

Affirmed.