NOT DESIGNATED FOR PUBLICATION

No. 126,226

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEJANDRO NOEL BUSTILLOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed March 15, 2024. Affirmed.

*David L. Miller*, of The Law Office of David L. Miller, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., HILL and CLINE, JJ.

PER CURIAM: In this appeal of his sentence, Alejandro Noel Bustillos argues the sentencing court erred by imposing a modified prison sentence without first imposing intermediate sanctions. Bustillos received probation rather than incarceration due to the court granting a downward dispositional departure sentence. After his third probation violation, the sentencing court revoked probation and sent him to prison. Our review of the record leads us to conclude that the sentencing court properly exercised its discretion to bypass intermediate sanctions and impose a modified prison sentence. Therefore, we affirm.

1

Bustillos pled guilty to three felonies committed in April 2018:

- Involuntary manslaughter – a severity level 4 person felony;
- Leaving the scene of an accident – a severity level 6 person felony; and
- Aggravated battery – a severity level 8 person felony.

Bustillos caused a car accident that killed one person and injured another. He left the scene, but police apprehended him later and conducted a blood exam. The results revealed the presence of methamphetamine at levels that could impair Bustillos' driving.

The State and Bustillos agreed to recommend a downward dispositional departure. The State noted Bustillos' "good behavior in the two years since the incident and the waiver of colorable factual and legal defenses." Bustillos received a downward dispositional departure, resulting in a suspended prison term of 68 months, with 36 months of probation. The sentencing court granted the departure for several reasons:

- He took responsibility;
- The State agreed to a departure;
- Availability of drug treatment; and
- Bustillos' needed to support his family.

*The record reveals a series of probation violations.*

Nearly a year later, Bustillos violated the terms of his probation by testing positive for amphetamines and alcohol. Bustillos signed a waiver of rights and consented to serve a 72-hour jail sanction.

Then, about a year after the first violation, Bustillos violated the terms of his probation a second time. The warrant alleged that Bustillos' urine samples tested positive for amphetamines and methamphetamines and Bustillos failed to report a change in employment status. Bustillos waived his right to a hearing and admitted the allegations

2

listed in the warrant. Given this was his second probation violation, the sentencing court ordered Bustillos to serve a three-day jail sanction and to obtain a drug and alcohol evaluation.

A few months after the second violation, another warrant alleged Bustillos violated the terms of his probation for a third time. The allegation consisted of a signed statement by Bustillos admitting to the use of methamphetamine. At the January 2023 probation revocation hearing, the sentencing court told Bustillos what possible sanctions it could impose, including revoking probation due to the grant of a dispositional departure sentence. See K.S.A. 2017 Supp. 22-3716(c)(9)(B).

The sentencing court relied on the case history and previous probation violations to conclude Bustillos posed a danger to others and himself because of his continued methamphetamine use. Thus, the court revoked Bustillos' probation and ordered him to serve a modified prison term, reducing the original 68-month term to 60 months.

*The rules that guide us are well established law.*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). If a probation violation and an exception to the intermediate sanctions requirement are established, a district court has discretion in determining whether to continue or to revoke the probation and require the defendant to serve the underlying prison sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). A judicial action constitutes an abuse of discretion if (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The party alleging an abuse of discretion has the burden of proving its existence. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

3

Bustillos advances three arguments on appeal.

First, he argues that the sentencing court erred as a matter of law by leaving out the possible 120- or 180-day intermediate sanction option during the court's recitation of possible sanctions. In support, Bustillos points to the sentencing court's reference in the journal entry to K.S.A. 22-3716(c)(7) as authority for revoking Bustillos' probation, citing public safety and offender welfare reasons. Because that section does not refer to the public safety and offender welfare exception, Bustillos claims that the court incorrectly applied the 2019 amendments to the statute.

Bustillos then suggests that the sentencing court abused its discretion because the court "fail[ed] to appreciate the existence of the discretion it could exercise under the 2017 version of K.S.A. 22-3716." Finally, Bustillos asserts that the sentencing court's "failure to exercise the discretion it had or even recognize it had the discretion to exercise in this regard is itself an abuse of discretion."

*The sentencing court did not abuse its discretion in revoking Bustillos' probation.*

Under the probation revocation statute in effect when Bustillos committed his crime, K.S.A. 2017 Supp. 22-3716, once a sentencing court determines an offender violated the terms of probation, graduated sanctions are required before revoking probation and imposing the prison sentence. Four exceptions exist, however, that allow the court to bypass intermediate sanctions if:

1. The offender commits a new crime while on probation;
2. The offender absconds from supervision;
3. The district court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by imposing intermediate sanctions; or

4

4. The offender originally received probation as the result of the grant of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(5), (8), and (9).

See *Tafolla*, 315 Kan. at 328-29.

*Tafolla* controls here. In that case, the sentencing court revoked probation after Tafolla violated the terms of his probation a second time. While Tafolla only received one prior intermediate sanction – a two-day jail sanction – our Supreme Court affirmed the revocation of Tafolla's probation. Relying on the plain language of the statute, the Supreme Court held that a court's reference to a departure sentence is enough to invoke the exception. *Tafolla*, 315 Kan. at 325-26.

The *Tafolla* court also held that a sentencing court need not expressly invoke the dispositional departure exception to bypass intermediate sanctions under the statute. 315 Kan. at 330. Additionally, a defendant challenging the sentencing court's decision must show that "the *court was unaware of its discretionary powers* or refused to analyze the factors relevant to a discretionary decision." (Emphasis added.) 315 Kan. at 332. See also *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017) (a court abuses its discretion by failing to exercise it).

Considering the court's ruling in *Tafolla*, it appears the sentencing court did not abuse its discretion here. Bustillos received probation because of a dispositional departure. The sentencing court acknowledged as much during its colloquy with Bustillos at the probation revocation hearing:

> "I could extend your probation. And, in this case, since Judge Woolley [the original sentencing judge] actually -- I believe it was Judge Woolley, that he had dispositionally departed, *so because of that*, *I could revoke your probation* and order you to complete your underlying prison sentence." (Emphasis added.)

5

While not expressly invoked, the sentencing court did acknowledge its discretion to bypass intermediate sanctions under K.S.A. 2017 Supp. 22-3716(c)(9)(B). Because the sentencing court adhered to the proper statutory framework and the holding in *Tafolla*, this court should affirm. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022) (The Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position).

*Conclusion*

The Legislature has given district courts broad discretion to hear probation violation allegations, make factual findings, and impose reasonable sanctions under the statutory framework of K.S.A. 22-3716. The sentencing court here reasonably exercised this authority when it revoked Bustillos' probation and imposed a modified prison sentence because Bustillos originally received probation due to a dispositional departure. Given the reference to Bustillos' dispositional departure, we hold that the sentencing court did not abuse its discretion when it bypassed intermediate sanctions and imposed the modified sentence.

Affirmed.