NOT DESIGNATED FOR PUBLICATION

No. 126,499

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELLIOTT R. ADAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral arguments. Opinion filed November 15, 2024. Affirmed.

*Darby VanHoutan* and *Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

FOLSOM, J.: Elliott R. Adams appeals his conviction by a jury of indecent liberties with a child under K.S.A. 21-5506(a)(1). Adams challenges the district court's admission of evidence of prior alleged sexual misconduct under K.S.A. 2023 Supp. 60-455(d). The evidence was the subject of a pretrial motion by the State, and the district court held a hearing on the issue on the first morning of trial. Adams argued at that hearing that the evidence should be excluded—but nonetheless failed to preserve this issue for appeal because he did not make a contemporaneous objection to the evidence during witness testimony at trial. The Kansas Supreme Court's interpretation of K.S.A. 60-404 compels

1

this result. Because we are duty-bound to follow the Supreme Court's contemporaneous-objection rule, we affirm Adams' conviction for indecent liberties with a child.

FACTUAL AND PROCEDURAL HISTORY

Adams' conviction stems from his nonconsensual sexual touching of A.A. on March 24, 2021. A.A. alleged that Adams committed multiple such acts against her within a two-day span. Adams consistently denied all the allegations when confronted by law enforcement and throughout the rest of the proceedings.

The State charged Adams with one count of indecent liberties with a child. Adams was represented by counsel. But prior to trial, Adams filed multiple pro se motions to exclude evidence and to dismiss the case. The court clerk filed these motions with a letter to Adams' counsel asking how the court should proceed.

The State filed a pretrial motion to admit evidence of Adams' alleged prior sexual misconduct. See K.S.A. 2023 Supp. 60-455(d). This motion alleged in part that Adams committed a forcible rape of L.A. in 2012, which resulted in a protection-from-abuse case. The State argued that this evidence was relevant and tended to prove that Adams had a propensity to commit acts of sexual misconduct.

On the first day of trial, the district court held a hearing on Adams' pro se motions, as well as the State's K.S.A. 60-455 motion. This hearing was held after the jury was selected—but before the jury was sworn. The court summarily denied Adams' pro se motions because they were not filed by counsel. The court then heard argument from both parties regarding the State's K.S.A. 60-455 motion. Adams' counsel repeatedly referred to a written response to the motion—but this response is not found in the record. Nonetheless, Adams objected on specific grounds to the admission of this evidence. The court granted the State's motion, concluding that the evidence was relevant, probative,

2

and not unduly prejudicial. Thus, the court allowed the State to present the testimony of L.A. regarding the alleged forcible rape by Adams in 2012.

The State discussed this prior sexual misconduct in its opening statement. During the State's case-in-chief, L.A. testified that Adams forcibly raped her in 2012. Adams did not contemporaneously object to this testimony.

After L.A. testified, the district court held a more substantive hearing on Adams' pro se motions, outside the presence of the jury. Adams' counsel had filed a motion at the end of the first day of trial, which attached Adams' pro se motions and stated that it was submitting them on Adams' behalf. The court then considered the motions on the merits and denied each one. The court brought the jury back into the courtroom, and the State presented more evidence as part of its case-in-chief.

After a break in the proceedings, and outside the presence of the jury, Adams' counsel stated that he wanted to "renew the objections that were done in the motions that [counsel] incorporated for Mr. Adams." Counsel made no mention of an objection to the evidence admitted pursuant to K.S.A. 60-455. The district court ruled, "[A]gain, those motions are denied based upon the previous rulings from the Court." The State's case-in-chief then concluded after the presentation of two additional witnesses.

Adams testified during the defense's case-in-chief. He denied both A.A.'s allegations and the alleged prior sexual misconduct with L.A. Regarding L.A.'s allegations, he testified that he was going through a divorce with L.A. at the time of the allegations in 2012. Adams stated that he talked with law enforcement about the allegations at the time and never heard about them again after the interview. The defense rested, and after closing arguments, the case was submitted to the jury.

3

The district court instructed the jury that it could consider the evidence of the prior act of sexual misconduct as evidence of Adams' propensity to commit sexual misconduct. The court also instructed the jury that "[y]ou may not convict the defendant of the crime charged simply because you believe he committed another unlawful act."

The jury convicted Adams of indecent liberties with a child under K.S.A. 21-5506(a)(1). The district court then sentenced Adams to 34 months' imprisonment, followed by a term of lifetime postrelease supervision.

Adams timely appealed to this court.

ANALYSIS

Whether a litigant has properly preserved an argument for appeal is a question of law subject to unlimited review. *State v. Campbell*, 308 Kan. 763, 770, 423 P.3d 539 (2018).

Under K.S.A. 60-404, a party must make a timely and specific objection to challenged evidence to preserve the issue for appeal. The Kansas Supreme Court has read K.S.A. 60-404 to require a contemporaneous objection at trial to preserve an alleged trial error for review. *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). This includes contested K.S.A. 60-455 evidence that was admitted following a pretrial hearing to determine its admissibility. *State v. Solis*, 305 Kan. 55, 62, 378 P.3d 532 (2016).

In *King*, the Supreme Court stressed the importance of the legislative mandate in K.S.A. 60-404, which it found "dictates that evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error *at trial*." (Emphasis added.) 288 Kan. at 349.

This requirement for a contemporaneous trial objection, however, is not explicitly stated in the plain language of K.S.A. 60-404. See *State v. Holman*, 295 Kan. 116, 153, 284 P.3d 251 (2012) (Johnson, J., concurring in part and dissenting in part) (plain language of statute does not justify "artificial, court-made preservation rule which requires a defendant to reassert an objection which has previously been ruled upon in favor of the State"). The requirement of *King* is also inconsistent with how federal courts handle this issue. See Fed. R. Evid. 103(a)(1)(A)-(B), (b) (requiring a "timely" and "specific" objection—but stating that "[o]nce the court rules definitively on the record— either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal").

Nonetheless, our Supreme Court "has shown no indication that it intends to deviate from the requirement of a contemporaneous objection at trial in order to preserve an evidentiary issue for appellate review." *Solis*, 305 Kan. at 62. And this court is duty-bound to follow the Kansas Supreme Court's holdings unless there is some indication the court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

In this case, the State filed a pretrial motion to admit evidence under K.S.A. 60-455. Adams' counsel told the district court that he filed a written response—but that is not found in the record. After the jury was selected, but before the jury was sworn, the district court heard oral argument from both parties on the motion. Adams made detailed arguments on the issue, which he advances on appeal. Ultimately, the district court granted the State's motion over the objection of defense counsel—ruling that the evidence was relevant, probative, and not unduly prejudicial. Thus, the court allowed the State to present this evidence at trial.

Adams made no express and contemporaneous objection to the introduction of the K.S.A. 60-455 evidence at trial. When L.A. testified that Adams raped her in 2012, Adams made no objection to this testimony.

Adams argues that he preserved this issue for appeal when his counsel stated later in the trial that he wanted to "renew the objections that were done in the motions that I incorporated from Mr. Adams." But this objection referred to the objections "incorporated from" Adams' pro se motions. Defense counsel made no mention of the evidence admitted pursuant to K.S.A. 60-455.

Under *King*'s contemporaneous-objection rule, Adams' trial objection was not sufficient. It was not made at the time of the introduction of the K.S.A. 60-455 evidence and was not specific to that issue.

Adams also argues that the purposes of the contemporaneous-objection rule were met with defense counsel's oral objection to the evidence at the hearing on the State's pretrial motion. But the Supreme Court has enforced this procedural bar under similar circumstances. See *Solis*, 305 Kan. at 62 (holding that a pretrial hearing on a K.S.A. 60-455 motion was not a specific and timely objection under K.S.A. 60-404). And the Supreme Court has shown no indication of moving from the holding in *King*.

For this reason, we do not reach the merits of this issue—because Adams failed to lodge a contemporaneous objection to the K.S.A. 60-455 evidence at trial.

Affirmed.

6