NOT DESIGNATED FOR PUBLICATION

No. 127,381

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DELL WILLIAM SCHMIDT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM:  Dell William Schmidt Jr. timely appeals from his conviction and sentence for possession of methamphetamine following a bench trial on stipulated facts. Schmidt argues (1) there was insufficient evidence to support his conviction and (2) the district court erred in assessing a KBI lab fee. We decline to review whether the district court erred in assessing the KBI lab fee because resolving this issue turns on a factual question not raised below. After careful review of the record, we affirm Schmidt's conviction and sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

Schmidt was charged with possession of methamphetamine and possession of drug paraphernalia. Schmidt entered into a diversion agreement with the State, which was later revoked due to Schmidt's failure to fulfill certain terms of the agreement. We need not delve into the particulars of the agreement as Schmidt does not argue revocation of his diversion was improper.

Relevant to the issues here, after Schmidt's diversion was revoked, the matter proceeded to a bench trial on stipulated facts. Those facts reflected Schmidt was arrested and an officer located a small baggie in the front right pocket of Schmidt's shorts, containing a substance the officer identified as methamphetamine. Schmidt admitted to the officers the baggie contained methamphetamine. Officers subsequently conducted a field test, which indicated the baggie did, in fact, contain methamphetamine.

The district court convicted Schmidt of possession of methamphetamine and sentenced him to 40 months' imprisonment, suspended to 18 months' supervised probation for drug treatment. The district court further ordered Schmidt to pay a $400 KBI lab fee to which Schmidt did not object. Additional facts are set forth as necessary.

ANALYSIS

*Sufficient Evidence Supports Schmidt's Conviction*

Schmidt first argues the evidence was insufficient to convict him of possession of methamphetamine.

2

*Standard of Review*

"'When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.'" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

"This is a high burden, and only when the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt should we reverse a guilty verdict." *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

*Discussion*

Schmidt argues the stipulated facts presented at the bench trial—the officer's observation of the bag and its contents and subsequent field testing—were insufficient to convict him of possession of methamphetamine. Relying on out-of-state authority, he asserts the State needed to present evidence of scientific lab testing in order to establish the substance he possessed was actually methamphetamine. However, Schmidt admits his argument is contrary to our Supreme Court's decision in *State v. Brazzle*, 311 Kan. 754, 768-71, 466 P.3d 1195 (2020) (circumstantial evidence sufficient to establish Brazzle illegally possessed oxycodone despite lack of expert testimony). He further admits his argument is also contrary to another panel of our court's decision in *State v. Northrup*, 16 Kan. App. 2d 443, 448-53, 825 P.2d 174 (1992) (circumstantial evidence sufficient to prove possession of marijuana without scientific testing), which our Supreme Court approvingly discussed in *Brazzle*, 311 Kan. at 767-69.

We are duty-bound to follow Kansas Supreme Court precedent unless there is some indication our Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Seeing no indication our Supreme Court is departing from its position in *Brazzle*, we are unpersuaded by Schmidt's argument. The record reflects:

- The officers observed the substance, and a field test indicated the substance was methamphetamine;
- Schmidt admitted to the officers the substance was methamphetamine;
- the diversion agreement reflects Schmidt stipulated the substance was methamphetamine; and
- Schmidt agreed to no further testing on the substance to show it was methamphetamine.

With this list of facts, we find the State provided sufficient direct and circumstantial evidence to convict him of possession of methamphetamine.

*Schmidt Failed to Preserve His Claim Regarding the KBI Lab Fee*

Schmidt further argues the district court erred in ordering him to pay a $400 KBI lab fee in accordance with K.S.A. 28-176(a) because there was no evidence presented that any lab testing was performed. He admits the issue was not raised before the district court but asserts we can review it for the first time on appeal because it is a pure question of law arising on proven or admitted facts.

Schmidt contends this issue presents a question of statutory interpretation. We disagree. The question before us is not how K.S.A. 28-176(a) should be interpreted; the question is a fact question of whether laboratory testing was performed.

At sentencing—among a variety of other terms and conditions—the State asked the district court to impose the $400 KBI lab fee. Specifically, the State worded its request: "We *have* a $400 KBI lab fee." (Emphasis added.) Whether the State said it *had* a lab fee because testing was done is unclear due to Schmidt's failure to object. In fact, Schmidt responded that "[his] request [was] identical to the State's."

We decline to review this unpreserved claim. Even if an exception exists permitting us to review an issue for the first time on appeal, we are not obligated to do so. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021). In fact, reviewing Schmidt's claim here might be an abuse of our discretion, given it turns on a question of fact. See *State v. Allen*, 314 Kan. 280, 284, 497 P.3d 566 (2021). But to the extent we have discretion to review this point, we find it unsound to do so here.

Affirmed.