NOT DESIGNATED FOR PUBLICATION

No. 126,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RODERICK L. COULTER,
*Appellant.*


MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Submitted without oral argument. Opinion filed July 18, 2025. Reversed and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Sommer Mackay*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.


PER CURIAM: Roderick L. Coulter pleaded guilty in two separate cases. At sentencing, the district court followed the recommendation of the parties and granted Coulter a downward dispositional departure with an order that his two underlying prison terms run consecutively. After an extended and tumultuous period, Coulter's probation was ultimately revoked, and the district court was tasked with distributing the 1,032 days of jail credit that Coulter accumulated over the lifespan of his two cases. It awarded 720 of those days to his first case and the remaining 312 days were directed toward his second case. Dissatisfied with that calculation, Coulter brought his case before this court for a

1

determination of whether the district court should also have awarded him 720 days in his second case. The Kansas Supreme Court recently ruled in *State v. Ervin*, 320 Kan. 287, Syl. ¶ 12, 311-12, 566 P.3d 481 (2025), that offenders are entitled to receive jail credit for *all* time served regardless of whether that results in "double" credit when that rule is applied. Accordingly, the district court's calculation of Coulter's jail credit is vacated, and the case is remanded to the district court with directions to award jail credit in this case in a manner that is consistent with the holding in *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Coulter under case number 17-CR-1325 with possession of cocaine and, during the pendency of that case, Coulter acquired a new charge after he impermissibly tampered with his electronic monitoring device. Coulter ultimately opted to enter into a global plea agreement in exchange for the State's assurance it would recommend probation at sentencing, provided Coulter's criminal history score was not an A or B.

The district court accepted Coulter's pleas and followed the recommendation of the parties for a downward dispositional departure to probation. The district court then imposed an underlying prison term of 30 months for Coulter's drug offense under 17-CR-1325 and a prison term of 36 months for his tampering conviction. The prison sentences were ordered to run consecutively in the event they were ever imposed.

Roughly five years later, the district court revoked Coulter's probation and ordered him to serve a modified total prison term of 30 months. By this time, Coulter had accrued 1,032 days of jail credit—143 days prior to sentencing and 889 more days while on probation. The district court awarded Coulter 720 days of jail credit in 17-CR-1325 and the remaining 312 days were assigned to his tampering case.

2

Coulter now brings his case before this court to determine whether he is entitled to a recalculation of his jail credit.

LEGAL ANALYSIS

*Is Coulter entitled to additional jail credit than what was distributed by the district court?*

The right to jail time credit in Kansas is statutory. Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Coulter submitted his appellate brief before the Kansas Supreme Court issued its opinion in *Ervin*. His position at that time was that 720 days of jail credit should be applied toward the sentence in his tampering case as it was in his drug case. Coulter argued that the language of the jail credit statute and the Kansas Supreme Court's interpretation of that provision in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), necessitated that he receive the relief he sought. That is, according to Coulter, *Hopkins* established a rule that a defendant must receive credit against their sentence "for *all* time spent incarcerated while the defendant's case was pending disposition." (Emphasis added.) 317 Kan. 652, Syl. So, because he spent 720 days in custody while awaiting the disposition in this case, he should be awarded credit toward his sentences for that time—regardless of whether he received credit for that time in other cases.

K.S.A. 21-6615(a)(1) governs the issuance of jail credit and indicates that when a defendant is convicted and sentenced to confinement, their sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

3

The *Ervin* court recently interpreted the plain language of that provision and concluded that, by its terms, a district court is required to award defendants an allowance for all time spent incarcerated pending the disposition of their case. *Ervin*, 320 Kan. at 311-12. Thus, the district judge here must award one day of credit for each day that Coulter was incarcerated pending disposition of this case regardless of whether he received an allowance for some or all that time against the sentence in his other case.

We are duty-bound to follow Supreme Court precedent. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Accordingly, consistent with *Ervin*, Coulter is entitled to receive jail credit for all the time spent awaiting resolution of his cases. The district court's jail credit calculation is reversed, and Coulter's case is remanded for an award of credit that aligns with the *Ervin* decision.

Reversed and remanded with directions.