NOT DESIGNATED FOR PUBLICATION

Nos. 127,247
127,248
127,249

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN DOUGLAS SCHANSTRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Submitted without oral argument. Opinion filed September 26, 2025. Vacated in part and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Steven Douglas Schanstra appeals from the district court's award of jail time credit after pleading no contest to possession of methamphetamine, fleeing or attempting to elude a law enforcement officer, and residential burglary in three separate criminal cases. The district court sentenced Schanstra to 73 months in prison. Afterwards, the district court awarded him 316 days of jail time credit in one of the cases. But the district court did not grant Schanstra jail time credit in the other two cases.

1

On appeal, Schanstra contends that he is entitled to additional jail time credit under K.S.A. 2021 Supp. 21-6615(a). Based on the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), we agree that he is entitled to additional credit for the days he was incarcerated pending the disposition of his three criminal cases. Accordingly, we vacate the district court's calculation of Schanstra's jail time credit, and we remand this matter for a determination of the proper amount of jail time credit to be awarded in light of the holding in *Ervin*.

FACTS

The parties are familiar with the facts and the procedural history of the underlying criminal cases. So, we need not repeat them in this opinion. It is undisputed that Schanstra was incarcerated in Montgomery County Jail pending the disposition of three separate criminal cases. It is also undisputed that he entered into a plea agreement with the State in all three cases. Consequently, he pled no contest to felony possession of methamphetamine, felony fleeing or attempting to elude a law enforcement officer, and felony residential burglary.

At sentencing, the district court denied Schanstra's request for a dispositional departure. It then sentenced him to a presumptive grid-box prison sentence in each case and ordered the sentences to run consecutive to one another. As a result, the district court imposed a combined 73-month prison sentence against Schanstra and stated that it would grant him any jail time credit that he was owed. Subsequently, the district court granted him 316 days of jail time credit in one of the three cases but did not grant him any jail time credit in his other two cases.

ANALYSIS

The sole issue presented in this appeal is whether Schanstra is entitled to receive additional jail time credit in each of his three criminal cases. He contends that K.S.A. 2021 Supp. 21-6615(a) requires the district court to award him jail time credit for all the time he was incarcerated pending the disposition of each criminal case. Even though the State agrees that Schanstra is entitled to statutory jail time credit, it contends that he is not owed additional credit.

Schanstra acknowledges that he did not raise the issue of jail time credit before the district court. But he requests—in his initial brief—that we consider this issue because the district court expressly stated at the sentencing hearing that it would award him the jail time credit he was entitled to under K.S.A. 21-6615(a). He also argues that this issue primarily involves a question of law and that it is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). In its brief, the State takes no position on the issue of preservation.

Statutory interpretation presents a question of law over which our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Moreover, we find it significant that the *Ervin* decision—which interprets K.S.A. 21-6615(a)—was issued by the Kansas Supreme Court during the pendency of this appeal. Additionally, the district court never announced how much jail time credit it would award Schanstra at the sentencing hearing. That determination was made in the journal entries, which were filed at a later date. Under these circumstances, we find that resolving Schanstra's jail time credit issue serves the ends of justice.

The right to jail time credit is controlled by K.S.A. 2021 Supp. 21-6615(a), which provides:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

Both parties briefed *State* v. *Ervin*, which was decided while this appeal was pending. In *Ervin*, the Kansas Supreme Court held that K.S.A. 21-6615(a) "require[s] a district court to award [credit] for all time spent [in jail] 'pending the disposition of *the defendant's case.*'" 320 Kan. at 311. Furthermore, our Supreme Court clarified that the statute compels an award of one day of jail time credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

We note that at the time the parties filed their briefs, the decision was not yet final. But on May 22, 2025—shortly after the parties completed their briefing—our Supreme Court denied the motion for rehearing in *Ervin* and a mandate was issued on June 2, 2025. As a result, because Schanstra's appeal was pending when *Ervin* became binding precedent, we find that the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) applies. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). As a result, we are duty bound to follow this precedent of the Kansas Supreme Court. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

We appreciate the State's arguments regarding the potential consequences of *Ervin* and agree that this case is an example of the absurd results that can occur. Here, the district court imposed consecutive sentences in Schanstra's three cases for a total of 73

4

months of imprisonment. But due to the holding in *Ervin*, his term of imprisonment will now be substantially reduced. This is true even though the district court specifically ordered that each sentence should be served consecutively. Accordingly, we share the State's concern that the holding in *Ervin* has effectively eliminated the district court's ability to impose sentences that are truly consecutive.

Nevertheless, based on the holding in *Ervin*, we find that Schanstra is entitled to one day of jail time credit in each of the three criminal cases—for all the time that he spent incarcerated pending their disposition—even if he received credit in another case. See 320 Kan. at 311-12. We also find that the appropriate remedy is to vacate the district court's ruling on jail time credit and to remand this matter for a determination of the proper amount of jail time credit that Schanstra is due under K.S.A. 2021 Supp. 21-6615(a)—as interpreted in *Ervin*. In doing so, we note that it would not be appropriate for Schanstra to receive credit for any time served *before* the offense was committed.

Vacated in part and remanded with directions.