NOT DESIGNATED FOR PUBLICATION

No. 127,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARANCIA SHAEMONE SHARKEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed October 24, 2025. Vacated in part and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Larancia Shaemone Sharkey appeals from the district court's award of jail time credit after she was convicted of three counts of abuse of a child and two counts of aggravated battery. The district court sentenced Sharkey to 86 months in prison and awarded her 951 days of jail time credit. Still, it did not award her credit for the days she was allegedly incarcerated in an unrelated Wichita Municipal Court case while this action was pending. On appeal, Sharkey contends that she is entitled to additional jail time credit—for the days she was being held in the municipal case—under K.S.A. 21-6615(a).

1

Based on the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), we find that Sharkey is entitled to credit for all of the days in which she was incarcerated pending the disposition of this case. This is true even if she has already received or will receive credit in another case. Thus, we vacate the district court's calculation of Sharkey's jail time credit, and we remand this matter for determination of the proper amount of jail time credit to be awarded in light of the holding in *Ervin*.

FACTS

The parties are familiar with the facts and the procedural history of the underlying criminal case. So, we need not repeat them here. It is undisputed that Sharkey pled no contest to three counts of abuse of a child and two counts of aggravated battery. It is also undisputed that the district court sentenced her to a total of 86 months in prison after denying her a dispositional or durational departure. Although the district court awarded Sharkey 951 days of jail time credit, it did not give her credit for the days she allegedly spent incarcerated in the Sedgwick County Jail on a Wichita Municipal Court case.

ANALYSIS

The sole issue presented on appeal is whether Sharkey is entitled to additional days of credit for the time she spent in jail pending the disposition of this case. In her brief, Sharkey primarily relies on *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2015), in support of her argument. Subsequently, the Kansas Supreme Court issued its decision in *State v. Ervin,* and it was discussed in the State's brief. Although the State presented several arguments in support of its position that *Ervin* was wrongly decided, it recognized that our court is duty-bound to follow the precedent of our Supreme Court.

2

Sharkey acknowledges in her brief that she did not raise the issue of jail time credit before the district court. Still, she requests in her brief that we consider it because the district court stated on the record at the sentencing hearing that it would be awarding her jail time credit under K.S.A. 21-6615(a). She also argues that this issue primarily involves a question of law and is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). In its brief, the State takes no position on the issue of preservation.

Statutory interpretation presents a question of law over which our review is unlimited. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Moreover, we find it significant that the Kansas Supreme Court issued its *Ervin* decision while this case was on appeal. Moreover, the resolution of this issue may prevent the denial of a fundamental liberty interest. See *Ervin*, 320 Kan. at 306. Under these circumstances, we find that resolving this issue serves the ends of justice. Consequently, we conclude that it is appropriate for us to address the issue of jail time credit for the first time on appeal.

In Kansas, the right to jail time credit is controlled by K.S.A. 21-6615(a), which provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added).

In *Ervin*, the Kansas Supreme Court found that K.S.A. 21-6615(a) requires district courts to award credit for all of the time spent in jail pending the disposition of a

defendant's case. Furthermore, our Supreme Court held that this statute requires an award of one day of jail time credit for each day that a defendant is incarcerated pending disposition of a criminal case "regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. As applied to this appeal, we find that *Ervin* requires Sharkey to be awarded one day of jail time credit for each day she was incarcerated pending disposition of this case, even if she also received credit for some or all that time in another case. See 320 Kan. at 311-12.

Because Sharkey's appeal of her jail time credit award was pending when the Kansas Supreme Court decided *Ervin*, we find that its holding applies to this case. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). Although we appreciate the State's arguments related to *Ervin*, it is not our role to determine whether a decision issued by our Supreme Court was wrongly decided. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Thus, we conclude that the district court's ruling regarding jail time credit must be vacated, and we remand this case for a determination of the appropriate amount of credit to be awarded to Sharkey under K.S.A. 21-6615(a) as interpreted in *Ervin*.

Vacated in part and remanded with directions.