NOT DESIGNATED FOR PUBLICATION

No. 127,169

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAX L. POTTS, JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed December 12, 2025. Sentence vacated and case remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.


PER CURIAM: According to a recent ruling of the Kansas Supreme Court, once a statute has been ruled unconstitutional, convictions for violating that law cannot then be used for scoring an offender's criminal history, even if that statute may have been deemed constitutional at the time of sentencing. Here, Max Potts pled guilty and was sentenced based on a criminal history score that included two criminal threat convictions.

The Kansas statute barring criminal threats has been bisected by court ruling. Part of the law dealing with *intentional* threats is constitutional. But the part of the law

1

concerning *reckless* threats has been held unconstitutional. This means that a sentencing court must determine whether a criminal threat conviction was for intentional or reckless conduct. If the conviction was for intentional conduct then the conviction can be used for criminal history scoring. If the conviction was for reckless conduct then it cannot be used.

This means that a sentencing court must be given sufficient information about a criminal threat conviction so that it can differentiate between the two types of convictions.

The State had the burden to prove the constitutionality of Potts' convictions, and it did not do so. Because the State presented nothing to the sentencing court that showed Potts' two criminal threat convictions were for a violation defined under the constitutional portion of the statute, we must vacate Potts' sentence and remand this matter to the district court for resentencing.

*A plea, a presentence report, and a passed sentence*

In September 2023, Max Potts pled guilty to one count of attempted theft after a prior conviction, a severity level 10 felony, and one count of intentional criminal threat, a severity level 9 felony. He committed these crimes in May and June 2023. The presentence investigation report created for Potts showed that his criminal history score was C. Among the 54 items on his criminal history were two convictions of criminal threat under K.S.A. 21-5415 from 2014. Those criminal threat convictions were identified by a "NIH" code, indicating that they were "Not Included in Criminal History, by order of the Court, reasons stated in Journal Entry."

The State moved that the court should amend the presentence report to include both of those criminal threat convictions. The State argued that the criminal threat statute was no longer partially unconstitutional because the United States Supreme Court's

decision in *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), "effectively reverses" the Kansas Supreme Court's decision in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). At the sentencing hearing, the district court asked whether the State had evidence that the threats made in Potts' convictions were reckless or if there were actual criminal threats made. The State responded that it made no difference "because of the *Counterman* decision" and provided only the journal entries of judgment as evidence of the convictions.

The district court granted the State's motion to amend the report to include the two criminal threat convictions, thus raising Potts' criminal history score to A. The district court then sentenced Potts to concurrent sentences, amounting to 15 months in prison and 12 months of postrelease supervision. Potts appeals his sentence.

*The parties take opposing positions on this sentencing issue.*

According to Potts, the district court improperly applied K.S.A. 21-6810(d)(9) to allow criminal history scores to include convictions under a statute that was unconstitutional but has since been held constitutional. According to the State, the district court properly applied the United States Supreme Court's decision in *Counterman* over the erroneous Kansas Supreme Court's decision in *Boettger*. In the State's view, Potts' sentence is legal.

*There has been recent movement on this question.*

Our review of the law begins with the Kansas ruling on the constitutionality of statutes dealing with reckless conduct. In 2019, the Kansas Supreme Court held that "[t]he portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear is unconstitutionally overbroad." *Boettger*, 310 Kan. 800, Syl. ¶ 3. Since then, the United States Supreme Court decided

3

*Counterman* and held that "a mental state of recklessness is sufficient" to prove that the speaker had a subjective understanding that communications were true threats. 600 U.S. at 69.

Back in Kansas, following the *Counterman* holding, the Kansas Supreme Court decided *Smith.* The defendant in *Smith* was convicted of several crimes in connection with a home invasion and murder, and he objected to the court's inclusion of a 2003 criminal threat conviction in the criminal history calculation. *State v. Smith*, 320 Kan. 62, 63-66, 563 P.3d 697 (2025). To decide this question, the Supreme Court in *Smith* looked at K.S.A. 21-6810(d)(9) with great particularity. The law states: "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes."

The *Smith* court explained that a "'literal reading' of K.S.A. 21-6810(d)(9) implies that reckless criminal threat convictions can *never* be included in a criminal history score 'because *at one point in time*, the Kansas Supreme Court determined that the reckless criminal threat statute violated the First Amendment.'" (Emphasis added.) 320 Kan. at 90 (quoting *State v. Phipps*, 63 Kan. App. 2d 698, 711, 539 P.3d 227 [2023], *appeal dismissed* 320 Kan. 616, 624, 570 P.3d 1240 [2025], *reh. granted* October 17, 2025). The *Smith* court noted that *Boettger* rendered unconstitutional the portions of both K.S.A. 2018 Supp. 21-5415 and K.S.A. 2003 Supp. 21-3419 that criminalized "*reckless* criminal threat." (Emphasis added.) 320 Kan. at 91.

Concerning the effect that *Counterman* has on this analysis, the court in *Smith* favored the literal approach and held the "Legislature's direction was clear" that once a criminal statute has been deemed unconstitutional, convictions arising out of it cannot be counted in a criminal history score even if that statute may have been deemed constitutional sometime later. 320 Kan. at 91. "Nothing in the plain language of the statute qualifies this limitation by considering *subsequent repudiations* of an appellate

4

court's holding that a statute is unconstitutional." 320 Kan. at 91. "K.S.A. 21-6810(d)(9) . . . asks only whether an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law." 320 Kan. at 91. Thus, *Smith* held that the decision in *Boettger* forever bars reckless criminal threat convictions from being counted in a criminal history score.

*We think the Kansas Supreme Court means what it says.*

The recent ruling by the Kansas Supreme Court's interpretation of K.S.A. 21-6810(d)(9) settles this issue in favor of Potts. We are duty bound to follow the Supreme Court. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). When we follow the *Smith* court's ruling in favor of a literal reading of the statute, Potts' criminal threat convictions *cannot* be used *unless* they were proven to be intentional threats. 320 Kan. at 90.

The State's argument that *Counterman* overrules *Boettger* and makes the entire statute constitutional is irrelevant under the holding in *Smith*. Under *Smith*, the statute only concerns whether "an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law." 320 Kan. at 91.

The State has not proved that Potts' convictions were intentional. At the sentencing hearing, the district court asked for more evidence showing whether the convictions were reckless or intentional and the State failed to provide anything to satisfy that question. Like the *Smith* case, "[t]he State presented no evidence to carry this burden, instead focusing on whether *Counterman* overruled *Boettger*," and thus "failed to carry its evidentiary burden." *Smith*, 320 Kan. at 91.

We hold that the district court erred in amending the criminal history score. We vacate Potts' sentence and remand for resentencing.