NOT DESIGNATED FOR PUBLICATION

No. 128,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIUS S. CARTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed February 6, 2026. Affirmed in part, vacated in part, and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before SCHROEDER, P.J., MALONE and GARDNER, JJ.


PER CURIAM: Demetrius S. Carter appeals his sentence for his conviction of two counts of aggravated endangering a child. Carter first claims he is entitled to receive 506 days of jail-time credit in this case. He also claims the district court erred in ordering witness fees when no witness testified in his case. After reviewing the record, we agree with Carter's first claim on jail credit but reject his second claim on witness fees.

1

*Factual and procedural background*

Following an incident involving a shooting outside a funeral service, the State charged Carter with two counts of aggravated assault, two counts of aggravated endangering a child, and criminal damage to property. After waiving his preliminary hearing, Carter indicated that he was in the midst of negotiating a plea deal with the State to resolve the charges. Carter eventually agreed to enter a guilty plea to two counts of aggravated endangering a child. The district court accepted Carter's plea.

At sentencing, the district court found Carter's criminal history score to be category A and sentenced him to serve 24 months' imprisonment. The district court ran Carter's sentence consecutive to an earlier case, for which he received an 82-month sentence. As part of the sentence, the district court ordered $70 in witness fees to which Carter did not object. Carter personally asked the district court for clarification whether he would receive 506 days of jail credit. The State interjected that all of that jail credit had been awarded to Carter's prior case, and he should not receive duplicate jail credit. Ultimately, the district court denied Carter any jail credit in the present case. The journal entry of judgment noted that Carter had been incarcerated for 506 days, between June 17, 2023, and November 4, 2024, but that time was not awarded because Carter was also being held on his prior case. Carter timely appealed his sentence.

*Did the district court err in calculating jail-time credit?*

Carter first claims he is entitled by statute to 506 days of jail credit. Although his initial brief was filed before the Kansas Supreme Court's decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), Carter subsequently filed a reply brief citing its holding to support his argument. The State maintains that Carter is not entitled to relief because *Ervin* was wrongly decided. The State does not dispute that Carter was held in custody for 506 days pending the disposition of this case in district court.

2

Carter argues that K.S.A. 21-6615(a) requires the district court to award him jail time credit for all the time he was incarcerated pending the disposition of this case, regardless of whether he received a credit for some or all of that time against his sentence in another case. Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Carter's right to jail-time credit is controlled by K.S.A. 21-6615(a)(1):

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

Under the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) in *Ervin*, a district court must award jail credit for all time a defendant spent incarcerated pending the disposition of their case even if they also received credit for some or all that time against a sentence in another case or cases. 320 Kan. at 311-12. Carter is entitled to one day of jail time credit in this case for the days he was incarcerated pending its disposition even if he received credit for that time in another case. See 320 Kan. at 311-12.

The journal entry of judgment notes that Carter was incarcerated in this case from June 17, 2023—the day after the occurrence of the charged offenses—until November 4, 2024—the date of his sentencing. Yet the district court awarded Carter no jail credit because he also was being held on another case during that time. Thus, the district court's ruling regarding the amount of jail time credit to be awarded was erroneous. While the State extensively argues that *Ervin* was wrongly decided, this court is duty bound to

3

follow Kansas Supreme Court precedent. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Consistent with the holding in *Ervin*, Carter is entitled to receive jail credit for all time that he served in jail pending disposition of the case regardless of whether he will be receiving duplicative credit. Because there is no dispute about the amount of time Carter was incarcerated pending disposition of this case, we remand with directions for the district court to grant Carter 506 days of jail-time credit in this case.

*Did the district court err in ordering Carter to pay witness fees?*

Next, Carter claims the district court erred by ordering witness fees of $70 when no witnesses testified in this case. The State first responds that Carter has failed to preserve this issue for review. Second, the State maintains the district court properly assessed the witness fees for witnesses who were brought in and would have testified at Carter's preliminary hearing had he not waived it.

Although Carter did not object to the assessment of witness fees before the district court, he asserts that this court should consider his claim because it presents a question of law and "all the facts needed to decide this issue are found in the present record." While Carter has properly asserted an exception to the general preservation rule as required by Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36), the exception does not apply as neatly as he suggests.

The State maintains that the record is not sufficient to establish any error. The record contains the transcript of the hearing where Carter waived his right to a preliminary hearing, which demonstrates Carter's point that no witnesses ever testified in this case. But based on a review of the statutes related to witness fees, the State is correct that the simple fact that the witnesses did not actually testify does not answer the question of whether witness fees should have been assessed.

4

Under K.S.A. 22-3801(a), "[i]f the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases." Relevant here, K.S.A. 28-172a(d) provides: "All other fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute. Additional fees shall include, but are not limited to . . . witness fees." Under K.S.A. 28-125(a), witness fees are paid for a witness "*attending* before any court or grand jury, or before any judge." (Emphasis added.) Notably, the statute does not specify that the witness must actually testify for witness fees to be assessed. Rather than stating that a witness shall receive fees for their testimony, the statute provides that a witness may receive compensation or fees including a per diem amount, travel expenses, lodging costs, and other necessary costs for attending a trial or hearing. K.S.A. 28-125(a).

In his reply brief, Carter argues that the State cannot rely on facts outside the record to establish that the State had brought in witnesses for the preliminary hearing. But Carter is trying to assert that a preservation exception applies because "all the facts needed to decide this issue are found in the present record." Because the record does not contain evidence to establish whether there were witnesses present and available to testify at the preliminary hearing—let alone the expenses they incurred to be present—it cannot be determined whether the $70 witness fee awarded was erroneous. An appellant bears the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court may presume that a complained of action of the district court was proper. *State v. Galloway*, 311 Kan. 238, 251, 459 P.3d 195 (2020). Thus, the record is not sufficient to fully evaluate Carter's unpreserved claim of error, and we presume the district court's action in assessing witness fees was proper.

Affirmed in part, vacated in part, and remanded with directions to grant the jail-time credit.

5