NOT DESIGNATED FOR PUBLICATION

No. 128,984

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NOAH D. REED,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Noah D. Reed*, appellant pro se.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.

PER CURIAM: Noah D. Reed brings this appeal from the Pawnee County District Court's dismissal of his petition for lack of prosecution after he failed to accomplish service of process. We affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2024, Reed filed his petition for relief pro se. The petition claims that the garnishment of his COVID-19 economic impact payment by a third-party collection service was a tort and a constitutional violation.

1

On July 18, 2024, Reed attempted to file an amended petition that appeared to change his claim to one related to his liberty interests and ineffective assistance of trial and appellate counsel. The district court denied Reed's motion to amend his petition because the claims were substantially different than the initial petition and were related to matters that were more suited for a K.S.A. 60-1507 motion, but such a motion was not eligible for filing in the Pawnee District Court and instead needed to be filed in the county where Reed was convicted.

In that order, the district court granted Reed's request for an extension of time to secure service of process, and the district court ordered that Reed serve all the named respondents and provide proof of that service by September 15, 2024. The district court was clear that failure to do so would result in the case being dismissed for lack of prosecution.

On September 16, 2024, Reed filed a premature notice of appeal, appealing the dismissal of his petition.

On October 1, 2024, the district court dismissed Reed's petition for lack of prosecution. Specifically, the district court held:

"Reed was granted an extension of time to secure service of process upon the named Defendant/Respondent in this action. He was advised that in the event of his failure to provide proof of service to the Court on or before September 15, 2024, his underlying cause of action would be subject to dismissal for lack of prosecution. This action was filed April 9, 2024, and the court order granting extension was issued July 30, 2024. The case file in this action establishes that Reed has failed to obtain service upon any named Defendant. On September 16, 2024, Reed filed a Notice of Appeal, even though no final order as of that date had been entered. More recently, Reed has submitted a request for appointment of counsel on appeal, which is filed of record by the Clerk of the District Court.

2

"This action is dismissed for lack of prosecution upon Reed's failure to obtain service of process upon any named Defendant/Respondent. Reed's request for appointment of counsel on appeal is denied in that his stated cause of action is founded in tort and requests damages. Reed is not entitled to appointment of counsel in this civil action. He is entitled to have an attorney represent him in the prosecution of his appeal, but only if he retains legal counsel. Reed's request for appointment of counsel on appeal is denied."

Reed filed a motion to alter or amend the dismissal of his case, requesting that the Sheriff's process fee be waived due to his indigency. A few days later he filed a second notice to alter or amend, stating he needed to correct sending his service of process fee to the Attorney General's Office instead of the Sheriff's office. Then he filed a series of returns of service showing there was a document served on the Attorney General on October 24, 2024. It is unclear what document was served.

The district court denied the motion to alter or amend, holding his first motion simply reiterated the arguments previously made before the court and the second motion was the correction of a clerical error of misdirected process. The district court stated that "Reed has provided nothing to suggest that he did in fact secure service of process in this action, nor has there been any response to documentation served upon the Attorney General. There is nothing to reflect that Reed, even after the deadline, secured process as required by law." The district court elaborated that a motion to alter or amend under K.S.A. 60-259 allows the district court an opportunity to correct errors in its prior opinion. It is not a vehicle for a litigant to present additional evidence or argument, and Reed failed to show any errors requiring amendment.

Reed timely appeals.

On appeal, Reed argues the district court erred in dismissing his petition because the dismissal was a denial of his access to the courts. In response, the Kansas Department

of Corrections argues either that we should deny Reed relief because his brief on appeal fails to comply with Kansas Supreme Court Rules 6.02(a)(4) and (a)(5) (2025 Kan. S. Ct. R. at 36), or, alternatively, that the district court properly dismissed Reed's petition for lack of prosecution because Reed failed to obtain service of process by the deadline set by the district court.

ANALYSIS

*Reed's brief fails to comply with Kansas Supreme Court Rules 6.02(a)(4) and (a)(5).*

"Interpretation of a [Kansas] Supreme Court rule is a question of law subject to unlimited review." *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013).

The party alleging an error occurred has the burden of designating a record that establishes the claimed error. Without such a record, an appellant's claim of error fails. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); see Kansas Supreme Court Rule 6.02(a)(4), (a)(5) (2025 Kan. S. Ct. R. at 36) (appellant has the burden to furnish a sufficient record to support the claims of error; appellant's claims of error must be supported with specific citations to the record on appeal).

Reed filed a brief with this court on July 10, 2025, but we issued an order striking and dismissing that brief for failure to comply with Rule 6.02(a)(4) because the brief's factual assertions were not supported by citation to the record on appeal.

Rule 6.02(a)(4) states an appellant's brief must contain:

"A concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal. The facts included in the

4

statement must be keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." (2025 Kan. S. Ct. R. at 36).

Reed's current brief with this court, like his first, fails to comply with this Rule. There are no citations to the record on appeal.

Additionally, Rule 6.02(a)(5) requires an appellant's brief contain:

> "The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." (2025 Kan. S. Ct. R. at 36).

Failure to comply with Rule 6.02(a)(5) "risk[s] a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). The Kansas Supreme Court has warned litigants that Rule 6.02(a)(5) would be "strictly enforced." *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Reed's brief also failed to comply with this rule. There are no pinpoint references to the location in the record on appeal where the issue was raised and ruled on.

While we acknowledge Reed is proceeding before this court pro se and liberally construe his arguments on appeal, he is not exempt from following Rule 6.02(a)(4) and (a)(5). See *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022).

5

Reed failed to establish any of his factual assertions or his claim of error with precise citations to the record on appeal that show his claimed error as required under Rule 6.02(a)(4) and (a)(5). Thus, we "may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." Rule 6.02(a)(4) (2025 Kan. S. Ct. R. at 36). And in such a situation, where the claimed error has no support in the record on appeal, denial of relief on appeal is proper.

This adherence to the Rules may appear harsh, but the Kansas Supreme Court has increasingly stressed the importance of strict compliance with Supreme Court Rules, regardless of the result. See *Schutt v. Foster*, 320 Kan. 852, 855-60, 572 P.3d 770 (2025) (holding when appellants raise issues for the first time on appeal, Rule 6.02[a][5] requires that they brief an exception to the preservation rule in their opening brief and failure to do so waives and abandons any argument thereto).

Failure to comply with Supreme Court Rules prohibits consideration of the issue, regardless of whether it has any merit. The Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Other panels of this court have similarly denied relief when a litigant failed to comply with Rule 6.02(a)(4) and (a)(5). See *Board of Crawford County Comm'rs v. Clelland*, No. 126,910, 2025 WL 2016773, at *2-3 (Kan. App. 2025) (unpublished opinion); *D.M.R. v. B.R.S.*, No. 127,229, 2025 WL 2091756, at *2 (Kan. App. 2025) (unpublished opinion); *State v. Wooten*, No. 126,308, 2025 WL 2555301, at *8-9 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* October 6, 2025.

Accordingly, we must deny Reed relief and affirm the district court.

Affirmed.